## DAVELAAR VS. ROCKWELL.

CONTRACTS. — *Independent contract between principal and subcontractor upon building.*

1. Where defendant had let to X. a contract for the erection of a building, and X. had employed plaintiff as a subcontractor to do a portion of the work, if defendant, while the work was progressing, wished to make changes in the plan, and to have additional work done, it was competent for him to enter into a new and independent contract with plaintiff for doing such extra work and furnishing materials therefor.

2. In this case the court holds, upon the record, that there was evidence sufficient to warrant the jury in finding that defendant entered into such independent contract with plaintiff, and that the court below properly refused a new trial, and entered judgment upon a verdict in plaintiff's favor for work and materials furnished under such contract.

APPEAL from the Circuit Court for *Waukesha* County.

Action to recover $1,063.45, claimed to be due for labor and materials furnished in constructing a dwelling and barn for the defendant, and to enforce a mechanic's lien for that sum. The answer denied that the labor and materials furnished by the plaintiff about said buildings, as set forth in the complaint, were worth more than $400, and denied that the plaintiff performed any work or furnished any materials for the defendant; but alleged that the buildings were constructed and the materials furnished by one Thomas McPherson, under a con-

tract between him and the defendant, and that whatever labor or materials were furnished by the plaintiff, were furnished at the request of said McPherson, and not by virtue of any contract with the defendant. The plaintiff testified on the trial, in substance, that he was a mason, and did the work named in the complaint; that he had a special arrangement with the defendant, who requested him to put in a cistern that would hold 400 barrels; that they agreed upon the price at 75 cents per barrel for all over 150 barrels (the number named in the contract with McPherson); that the work was done and the materials furnished at defendant's request, and he superintended the work; that the work upon the house was begun under a written contract with McPherson, the plaintiff being a subcontractor for the contract work; that the work and materials named in the complaint were extra, and were nearly all ordered by the defendant, who was present during the progress of the work, and gave instructions in respect to it; that no price was agreed upon for any part of such work or materials, except for the cistern and for cementing the walls; that after the work was done, the plaintiff presented his bill to the defendant for the work and materials claimed to have been furnished at his request, but he refused to pay, and sent him to McPherson, who also refused; that the plaintiff had received his pay from McPherson for the contract work, but there had been no settlement.

Other witnesses were called by the plaintiff as to the value of the work, and their evidence also tended to show that the plaintiff had performed some of the work under the direction of the defendant.

The defendant testified that the plaintiff was in the employ of McPherson, doing the plastering and mason work, and extra work; and that the changes were ordered by the defendant by virtue of the contract with McPherson, which authorized him to make such changes; that he never agreed to pay the plaintiff but told him McPherson would pay him; that he had

nothing to do with the plaintiff, but dealt entirely with Mc-Pherson. He also introduced in evidence the contract between himself and McPherson, in which the latter agreed to build and complete in a skillful manner, and according to certain specifications, a dwelling house for the defendant, for which he was to receive $7,842.80; also the contract between McPherson and the plaintiff, in which the latter agreed to do all the mason work for said house, and to furnish materials for such work, according to certain specifications, for which he was to receive $2,250. The plans and specifications were also introduced in evidence, in which were the following provisions: "The owner reserves the right, by conferring with the architect, to alter or modify the design, and to add to or diminish from the contract price, the architect being at liberty to make any alteration in the plan, form, construction, detail or execution described by the drawings and specifications, without invalidating or rendering void the contract, and in case of any difference in expense, and addition to or abatement from said contract, the amount shall be made in the same ratio or proportion such work may bear to the whole contract work to be performed; and the same to be determined as before mentioned; the owner being bound in all cases to recognize the acts of the superintendent, not only as regards extra work, but also as to the efficiency of the designs, materials and workmanship." It was further provided that the duties of the architect should be, among other things, to give, "on demand, any certificate that the contractor may be entitled to, and to settle all deductions of or additions to the contract price, which may grow out of alterations of the designs or change of plans after the same is under contract, and to determine the amount of damages which may have accrued from any cause, and particularly to decide upon the fitness of all material used and work done." "The owner and his agents, etc., must be notified by the contractor that he is ready to have a settlement, so that if the owner or parties in interest have any bills to file in, or statements to make, he or they can do

Davelaar vs. Rockwell.

so before the superintendent makes his final certificate or adjustment between the parties; the superintendent's opinion, certificate, report and decision, on all matters, to be binding and conclusive."

Verdict for the plaintiff; motion for a new trial denied; and defendant appealed from a judgment on the verdict.

*Geo. F. Westover*, for appellant:

1. The plaintiff, being a subcontractor of McPherson, was bound to proceed in settling his claims both for regular and extra work as provided in the contract and specifications, before he could bring suit at all. The English courts now hold that an agreement that the amount of damages to be recovered shall first be determined by arbitration, is binding, and no action will lie until such arbitration is had. *Scott v. Avery*, 8 Exch., 487; 20 Eng. L. & E., 327; *Glenn v. Leith*, 22 id., 489, overruling the case of *Kill v. Hollister*, 1 Wilson, 129; and the cases cited in 2 Parsons on Con. (5th ed.), 709, note (u). The same rule was adopted in 15 Wend., 87, and *Butler v. Tucker*, 24 id., 447; *Smith v. Briggs*, 3 Denio, 73; *Smith v. Brady*, 17 N. Y., 173; *McMahon v. N. Y. & E. R. R.*, 20 id., 463; *Fox v. Railroad*, 3 Wall. Jr., 243; *Hurst v. Litchfield*, 39 N. Y., 377; *Pres. D. & H. Canal Co. v. Pa. Coal Co.*, 50 id., 250; *Baasen v. Baehr*, 7 Wis., 516; *Adams v. Mayor of New York*, 4 Duer, 295; *Smith v. Brady*, 17 N. Y., 173; *Wyckoff v. Meyers*, 44 id., 143; *Brown v. Fitch*, 4 Vroom, 418; *Jackson v. Cleveland*, 19 Wis., 400; *Butler v. Tucker*, 24 Wend., 449; *Bloodgood v. Ingoldsby*, 1 Hilt., 388; *Martin v. Leggett*, 4 E. D. Smith, 255; *Smith v. Coe*, 2 Hilt., 365; *Tucker v. Williams*, id., 562; *Mills v. Weeks*, 21 Ill., 561. 2. The plaintiff's sole cause of action was against McPherson, and the defendant was liable to McPherson, provided the settlement had been made as agreed upon, by the architect; and even if *Rockwell* had agreed to pay the plaintiff, there being no new consideration, and the original contract not having been abandoned, the promise would have been void by the statute of frauds. 1

Throop on Verbal Agreements, 155, § 78; *Noyes v. Humph-reys*, 11 Grat., 636; *Bresler v. Pendel*, 12 Mich., 224; *Sinclair v. Richardson*, 12 Vt., 34; *Brown v. Weber*, 38 N. Y., 187. 3. It is questionable whether a contract submitting the matters arising under it can be revoked so as to conclude the other party, without an instrument under seal. *McFarlane v. Cush-man*, 21 Wis.,401.

*J. V. V. Platto*, for respondent:

1. The question was fairly presented to the jury to determine whether the extra materials furnished, and work done, are under the contract between the defendant and McPherson, or under a separate and distinct understanding and agreement between the defendant and the plaintiff. The instructions of the court were not excepted to, and the evidence was sufficient to sustain the verdict. 2. This court will not set aside a verdict unless there was a total want of evidence to support it. *Laville v. Lucas*, 13 Wis., 617; *Moss v. Vroman*, 5 id., 147; *Dexter v. Cole*, 6 id., 319; *Harrison v. Doyle*, 11 id., 283; *Lock-wood v. Stewart*, 12 id., 628; *Kuehn v. Wilson*, 13 id., 104; *Johnston v. Hamburger*, id., 175; *Edmiston v. Garrison*, 18 id., 594; *Atkins v. Scott*, 19 id., 136; *Euton v. School District*, 23 id., 374; *Hull v. Augustine*, id., 383; *Barker v. Knickerbocker Life Ins. Co.*, 24 id., 630; *Vilas v. Mason*, 25 id., 310–325; *Smith v. Wallace*, id., 55; *Fredendall v. Taylor*, 26 id., 286; *Van Doran v. Armstrong*, 28 id., 236. 3. This court will not set aside a verdict found by a jury on conflicting testimony upon a question of fact fairly submitted, under a charge not excepted to, on the ground that there was a total want of evidence. *Chamberlain v. Dickey*, 31 Wis., 68; *Janssen v. Lam-mers*, 29 id., 88.

DIXON, C. J. It was competent for the defendant, notwithstanding his contract with McPherson, to enter into a new and independent contract with the plaintiff for the doing of the work and furnishing of the materials for which this action is

brought. It was competent for the defendant to contract with plaintiff for such work and materials, and to bind himself to pay the plaintiff for them. The plaintiff could so far abandon his contract with McPherson, or waive his rights under it, and make a distinct contract with the plaintiff; and this case presents itself to the mind of the court as involving only a single question of fact, whether the defendant did so abandon the contract with McPherson and enter into a new and distinct one with the plaintiff. The question is, whether there was any evidence upon which the jury were justified in so finding. Whatever the impressions of the circuit judge may have been at the time of overruling the motion for a new trial, an examination of the record satisfies us that there was such evidence, and that the motion was rightly overruled.

*By the Court.*—Judgment affirmed.