BODEN, Administrator, Respondent, vs. MAHER and another, Appellants.

*January 12 — February 2, 1900.*

*Contracts: Parol evidence: Ambiguity: Waiver.*

1. Parol evidence is not admissible to vary the terms of a written contract, but such evidence is permissible to enable the court to say what the parties to a contract intended to express by the language adopted in making it, and is to be resorted to only when there is some ambiguity to be cleared up.

2. A stipulation in a written contract that the second party shall perform all evcavating the parties of the first part *desire* to have done before a given time, is ambiguous both in the words themselves and when such words are applied to the facts, and a situation is presented calling for the application of rules of construction to determine what was referred to by the language, and hence parol evidence should be allowed to aid in the solution of that question.

3. Where it is the duty of one party to a contract to prepare the ground for the operations of the other, by causing an engineer to set grade stakes, and his default, or the default of the engineer for whose conduct he is responsible, interferes so as to prevent performance by the time agreed, and the other party exercises the diligence both contemplated, the element of time will be deemed waived as a matter of law.

4. A contract for excavating provided for payments to be made as the work progressed on the production of the proper engineer's certifi-

cates. About three fourths of the amount earned was paid without insisting on such certificates, and the nonproduction of such certificates was not made the basis of a refusal to pay the balance earned. *Held*, as matter of law, that the right to insist on the engineer's certificates was waived.

APPEAL from a judgment of the circuit court for Milwaukee county: JAMES O'NEILL, Judge. *Affirmed*.

Action to recover on a contract made May 17, 1892, between defendants as the first parties and Henry Gerling as the second party, whereby the second party agreed as follows: "To do all excavating which said parties of the first part desire to have done on certain premises known as Sobieski Park and the continuation of Sobieski Park, in the Twelfth ward of the city of Milwaukee," under the direction of the assistant city engineer and said first parties, for thirteen and three-eighths cents per cubic yard according to the engineer's certificate of work actually done, seventy-five per cent. thereof to be paid as the work progresses on the production of the proper engineer's certificates, and the remainder in six months after the completion of the work, and to complete such work by September 1, 1892; also to deliver, upon any portion of the premises the first party should direct, as much gravel as they should desire at the rate of fifty cents per cubic yard, and to pay ten dollars per day as liquidated damages for each day's delay in the completion of the work. The allegations of the complaint are to the effect aforesaid, also that Gerling was directed to and did commence work under the contract on the 1st day of August, 1892, and thereafter prosecuted such work with due diligence and as required by such contract; that the amount of excavating done was 42,163 cubic yards according to the engineer's certificate required by the terms of the contract, which was duly procured and delivered to defendants; that the amount earned by the doing of such work was $5,639.39, $1,409.91 of which has not been paid

Boden vs. Maher and another.

though the same became due December 1, 1892, and was duly demanded of defendants before the commencement of this action.   The allegations of the complaint for a second cause of action were to the effect that Gerling entered upon a second job of excavating under the contract in the spring of 1893 by direction of defendants, and by June 1, 1893, did excavating to the amount of 4,163 cubic yards, when the work was stopped by defendants' orders; that he did not obtain an engineer's certificate for the last work; that it was waived by defendants; that they agreed with him as to the work done on such last undertaking to be 4,163 cubic yards, and paid thereon $200, leaving $356.19 unpaid, $217 of which became due June 1, 1893, and $139.19 December 1, 1893.   It was further alleged that Gerling died before the action was commenced and plaintiff was duly appointed his administrator.   Judgment was prayed for in accordance with the facts alleged.

Defendants answered to the effect, among other things, that the contract was made, the work commenced and was stopped, and that payments were made as alleged in the complaint, except that Gerling was requested to commence work May 17, 1892, and continuously thereafter till August 1, 1892, but that he refused to comply with such request till the latter date, and that he never completed the work as the contract required.   The amount of the excavating was put in issue.   The answer contained a counterclaim for stipulated damages at $10 a day, according to the contract, for 270 days' delay in completing the work.   There was a reply to the counterclaim to the effect that the delay in completing the work was caused by defendants.   It was further alleged in reply to the counterclaim that the liability for damages was extinguished by failure of the defendants to file their claim therefor in the county court, where the estate of Gerling was in process of administration, within the time required by statute for filing claims against such estate.

The following facts were established by the evidence: Excavating was done to the amount mentioned in the complaint and payments were made as therein alleged, without the production of engineer's certificates or any request therefor. The refusal to pay the amount due was not made on the ground that the condition of the contract regarding engineer's certificates had not been complied with. Work was commenced on the contract as soon as the preliminary work required of the engineer was performed, and thereafter it was prosecuted satisfactorily to such engineer, and without objection from the defendants, till June 1, 1893. The work was delayed from the time the contract was made, May 17, 1892, till some time in July thereafter, and from time to time subsequent thereto, by failure of the engineer to set the grade stakes. There was no evidence that any particular amount of work was designated by the defendants to be done by September 2, 1892. All the work for which grade stakes were set prior to September 2, 1892, was performed, and operations proceeded thereafter without objection till substantially all work pointed out to Gerling to be done was completed. There was left a small amount that might have been performed in two or three days after June 1, 1893, if he had been permitted to go on. The excuse for finally stopping the work was want of money to pay for it. Evidence on the part of the defendants as to conversations with Gerling when the contract was made, regarding the work to be done under the contract, going to show what the contract was made with reference to, and what work was required to be done by September 2, 1892, was rejected.

Each side moved the court, at the close of the evidence, for a verdict, which was denied. Defendants' counsel moved the court for a special verdict and submitted a list of questions therefor. The questions were rejected. A special verdict was prepared by the trial judge covering all the issues made by the pleadings as he understood the cause. The jury found, in answer to such questions, that the engineer's cer-

tificate as to the work done in the spring of 1893 was waived, and that the completion of the work by September 2, 1892, was materially delayed by failure of the engineer to set the grade stakes. The questions covering all the other issues were answered in favor of the plaintiff by direction of the court. Judgment was rendered according to the verdict in plaintiff's favor.

For the appellants there was a brief by *Ryan, Ogden & Bottum*, and oral argument by *L. M. Ogden.*

For the respondent there was a brief by *Rietbrock & Halsey*, and oral argument by *L. W. Halsey* and *P. L. Halsey.*

MARSHALL, J. The refusal to permit defendants to prove the circumstances under which the contract was made, in order to enable the court to rightly construe it, was error. Parol evidence to vary the terms of a written contract is one thing; such evidence to enable the court to say what the parties to a contract intended to express by the language adopted in making it, is quite another thing. The former is not permissible. *Steele v. Schricker*, 55 Wis. 134. The latter is permissible and is often absolutely essential to show the real nature of the agreement. *Sigerson v. Cushing*, 14 Wis. 527; *Lyman v. Babcock*, 40 Wis. 503; *Nilson v. Morse*, 52 Wis. 240; *Nash v. Towne*, 5 Wall. 689; *Merriam v. U. S.* 107 U. S. 437; *Wells v. Alexandre*, 130 N. Y. 642; *Cooper v. Lansing W. Co.* 94 Mich. 272. Both rules are elementary and do not conflict in the slightest degree with each other. One prevents a written contract from being varied by parol evidence either in regard to what was said at the time it was made or prior thereto; the other aids in determining what the contract is when its language, either in the literal sense or as applied to the facts, is obscure. The one is a rule to preserve the contract as expressed in writing; the other is a rule of construction to determine what the contract, as expressed, is, it being kept in mind that the mutual.

Boden vs. Maher and another.

intention of the parties, so far as the same can be ascertained, governs within the reasonable meaning of the language they chose to express it; and that rules of construction to discover it are not to be resorted to unless there is some ambiguity to be cleared up. A failure to keep in mind the wide distinction between varying a contract by parol evidence and resorting to such evidence in aid of its construction often leads to error as in this case. In *Sigerson v. Cushing, supra,* it is said: "It is often absolutely essential that the court should know the facts surrounding the parties, and the *situation in which they were placed,* in order to interpret the meaning of what they say in their contracts." In 1 Greenl. Ev. § 286, the rule is stated thus: "As it is a leading rule, in regard to written instruments, that they are to be interpreted according to their subject matter, it is obvious that parol or verbal testimony must be resorted to, in order to ascertain the nature and qualities of the subject, to which the instrument refers. Evidence which is calculated to explain the subject of an instrument is essentially different in its character from evidence of verbal communications respecting it. Whatever, therefore, indicates the nature of the subject, is a just medium of interpretation of the language and meaning of the parties in relation to it, and is also a just foundation for giving the instrument an interpretation, when considered relatively, different from that which it would receive if considered in the abstract."

The rule of construction above discussed is applicable to the contract in question. It obligated Gerling to "complete all the excavating appellants desire to have done by September 1st, 1892." The word "desire" was used in the present tense, clearly indicating that some particular work, with reference to which the contract was made and which had been the subject of a verbal agreement upon which the written contract was based, was to be entered upon by Ger-

ling and completed by the time indicated. In the absence of proof as to what work was referred to, it was impossible to determine whether there was a breach of the condition in regard to time or not. It was unreasonable in the extreme to say that the parties intended to so agree that defendants could express a desire for the performance of work at a time and to an amount impossible of performance by the time mentioned. Therefore the contract was ambiguous both in the words themselves and when such words were applied to the facts. A situation was presented calling for the application of rules of construction to determine what the language " all excavating the parties of the first part desire to have done " referred to, and parol evidence should have been allowed to aid in the solution of that question.

Notwithstanding what has been said, the judgment is right on the undisputed facts, and therefore cannot be disturbed. It was the duty of appellants to prepare the ground for Gerling's operations by causing the engineer to set the grade stakes. It is perfectly obvious, from the nature of the work to be done and from the evidence as well, that the setting of the stakes was an absolute prerequisite to the doing of the work, and that it was appellants' duty to seasonably perform that condition. They neglected to set any of the stakes till about two months after the contract was made, and neglected thereafter to perform their duty in that regard so that the work could be prosecuted without interruption. The jury found that the work was materially delayed by defendants' failure, as indicated, and such is the uncontroverted evidence. Two months were lost to Gerling at the start, and the progress of the work was injuriously interfered with from time to time by defendants' neglect, down to the final discontinuance of it in June, 1893. The evidence is ample and uncontradicted to show that work was commenced within three days after the stakes were set, and that thereafter it was prosecuted with diligence, and by the use of as many teams

and men and tools as could practicably be used. There can be no question but that the default of appellants, as stated, prevented Gerling from performing his work according to the agreement as to time, and that such default waived that element in the contract.

The rule is, without exception, that if the default of one party to a contract, or of some person for whose conduct he is responsible, so interferes with performance by the other party by the time agreed upon as to prevent it, by the exercise of such diligence as both parties contemplated would be devoted to the work when the contract was made, the element of time will be deemed to have been waived as a matter of law. *Dumke v. Puhlman*, 62 Wis. 18; *Stewart v. Keteltas*, 36 N. Y. 388; *Weeks v. Little*, 89 N. Y. 566; Wait, Engineering & A. Jur. §§ 325, 326. It is certainly a very salutary rule that a person cannot, by his own breach of duty, prevent the performance of a contract by the day set therefor, and then insist on damages for the default so caused. That applies to this case, and precludes any recovery on the counterclaim for stipulated damages for delay, and renders the error of the court in rejecting parol evidence, offered in aid of construing the contract, harmless.

The only remaining question is, Was there a waiver of the engineer's certificate as to the amount of excavating done in the spring of 1893 ? The evidence is all one way and conclusive that payments were made, from first to last, without insisting on the engineer's certificates; that about three quarters of the entire amount earned were so paid; that when payment of the balance earned was refused, such refusal was not grounded on nonperformance of the condition in regard to engineer's certificates, but on the idea that the work was not completed in time, and that the stipulated damages for the delay exceeded the balance earned under the contract. The clear indications are that the condition in regard to certificates was ignored from the start. One

of the defendants testified that the payments were made on his own judgment as to what was due and payable. The facts stated rendered proof of the furnishing of engineer's certificates before the commencement of the action immaterial. The rule is that if a person, entitled to the benefit of the provisions of a contract, relative to estimates or measurements by a mutual agent, of work done, as a condition precedent to the right to payment of the amount earned, desires to stand on the letter of his contract in that regard, he must not act inconsistent therewith till brought into court. Otherwise he will not then be allowed to change the position to the prejudice of the other party to the agreement which the latter presumably relied upon. The idea is that, under the circumstances mentioned, it is unjust to allow a person to deny he intended what his conduct plainly indicated and was acted upon by the other party to the agreement till he could not retrace his steps without material injury. The doctrine of estoppel applies. Where one party to a contract, by his words or conduct, leads the other to reasonably pursue a particular line of action on the faith of it, the law closes the mouth of the former from pleading the truth to avoid the effect of such words or conduct, and treats the fair meaning of them, in connection with the good-faith reasonable acceptance of it by the person affected thereby, as binding as an express contract in plain language, stipulating to the same effect. *Davelaar v. Rockwell*, 35 Wis. 210; *Ashland L., S. & C. Co. v. Shores, ante*, p. 122; Wait, Engineering & A. Jur. § 417.

It is not intended by what is here said to announce the doctrine that failure to comply literally with a contract as to furnishing progress certificates will operate as a matter of law as a waiver of all such certificates or of a final certificate of the amount of work done, or of the completion of the contract work, where such certificates are required by the contract; but that evidence of that character, sufficient

to warrant a finding of fact that the person entitled to insist on such certificates intended to waive them, requires a submission of the question to a jury, and that evidence showing beyond all reasonable controversy such intent establishes the waiver as a matter of law.

What has been said renders several questions argued in appellants' brief immaterial. The waiver of the element of time in the contract, and of the right to engineer's certificates of work done as a condition precedent to payment therefor, was established by the uncontroverted evidence. The amount of work actually done and payments made thereon were likewise established. There was no material controversy on the evidence requiring a finding by the jury. The finding in plaintiff's favor in the special verdict, as to the amount due, might properly have been embodied in a general verdict under the direction of the court.

*By the Court.*— The judgment is affirmed.