W. F. PEUGH v. ROBERT MOODY ET AL.

No. 2438. Decided February 16, 1916.

1.—Note—Surety—Release of Principal—Consent.

A surety on a note who consents to a compromise by which the holder, on part payment, releases the principal, is not thereby released from his liability as surety. (P. 603.)

2.—Same—Case Stated.

P. was surety on the note of a corporation of which he was president and principal stockholder. He joined with others in contributing to a fund sufficient to pay fifty per cent of the insolvent company's indebtedness to creditors who would release it, and this settlement, which he assisted in negotiating, was accepted by the holder of the note, who released the corporation. Held, that P., by the part which he took in the transaction, consented to such release of his principal, and was not thereby discharged from his liability as surety on the note, though not otherwise affirmatively manifesting his consent. (Pp. 603, 604.)

Error to the Court of Civil Appeals, Seventh District, in an appeal from Lipscomb County.

Moody and others sued Peugh and the Peugh Mercantile Co., recover-

ing only against the former, who appealed.   On affirmance Peugh obtained writ of error.

*E. C. Gray* and *Ramsey, Black & Ramsey,* for plaintiff in error.—
When there is any conflict in the evidence a peremptory instruction should not be given to the jury.   Edwards v. Coleman, 22 Ky. (6 T. B. Mon.), 567.; Miller v. Gilleland, 19 Pa., 119; Stewart v. Parker, 55 Ga., 656; East Texas Ins. Co. v. Perkey, 89 Texas, 604; Royal Ins. Co. v. Beatty, 119 Pa., 6; Lambert v. Shetler, 71 Iowa, 463, 32 N. W., 424; Chester v. Leonard, 68 Conn., 495, 37 Atl., 397; Polak v. Everrett, L. R., 1 Q. B. D., 699.

The plaintiff in error pleaded and proved, and the Court of Civil Appeals found that the principal was released.  •The release of the principal ordinarily and generally releases the surety, and if in fact in the contract of settlement the creditor's rights against the surety were reserved this was matter in confession and avoidance of the surety's defense and it was necessary to plead it specially.   Wolf Co. v. Galbraith, 39 Texas Civ. App., 351, 87 S. W., 390; Elston v. Jasper, 45 Texas, 409; Kelley v. Kelley, 12 Texas, 451; Gillihan v. Ludington, 6 W. Va., 128.

When a jury is impaneled to try a cause, the court should not give peremptory instructions when it is a question of what meaning could be placed upon the mere silence of a person.   Silence and what is intended thereby is a question of fact for the jury to decide.   Same authorities.

The facts do not establish that in the contract of settlement the rights of the bank as creditor were reserved as against the plaintiff in error as surety, and the action of the trial court therefore can not be sustained upon this theory.   Irion v. Yell, 132 S. W., 69; Boultbee v. Stubbs, 18 Vesey Jr., 20, 34 Eng. Reprint, 225; Stein v. Steindler, 20 N. Y. Supp., 839; Robson v. Brown, 57 S. W., 686.

Where the principal is released under an agreement with the creditors there can be no reservation of rights against the surety without the consent of the surety.   Robson v. Brown, 57 S. W., 686; Templeman v. Texas Brewing Co., 35 S. W., 935; Irion v. Yell, 132 S. W., 69.

The judgment in this case can not be sustained upon any theory that Peugh, the surety is estopped to assert that the release of the principal released him, for the reason that such issue was not pleaded in the trial court.   Wolf v. Galbraith, 39 Texas Civ. App., 351, 87 S. W., 390; Rice & Irrigation, etc., Co. v. Eidman, 41 Texas Civ. App., 542, 93 S. W., 698; Rail v. Bank, 3 Texas Civ. App., 557, 22 S. W., 865.

The mere silence of one, when facts are asserted in his presence, is no ground for presuming his acquiescence, unless the conversation was addressed to him.   Bass v. Tolbert (Texas), 112 S. W., 1077; Greenleaf on Evidence, sec. 197a; Ins. Co. v. Perkey, 89 Texas, 604.

*H. E. Hoover,* for defendants in error.—There being no material con-

troversy in the evidence, and the whole evidence showing the right of recovery against W. F. Peugh, there was nothing to submit to the jury and the court did not err in instructing a verdict for plaintiffs.    32 Cyc., 154; Pingrey on Suretyship, pp. 85, 86; Merchants Bank v. State Bank, 10 Wall., 604; First Natl. Bk. v. Gunbus, 9 L. R. A. (N. S.), 421; Bank of U. S. v. Dunn, 6 Pet., 317; Cyc., vol. 2, p. 115, vol. 5, p. 475; Bank of Ravenwood v. Wetzel, 70 L. R. A., 305.

.MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was upon a note given to the First National Bank of Higgins, executed by the W. F. Peugh Mercantile Company, a corporation, as principal, and W. F. Peugh as surety, afterwards transferred to the plaintiffs.    Peugh was president of the company and its principal stockholder.    It became financially involved, and its affairs were turned over to a trustee to be administered for the benefit of its creditors, who obtained under such administration fifteen per cent of their claims.    Subsequently an arrangement was made whereby Peugh and certain of the creditors provided a fund for the payment of fifty per cent of the remaining indebtedness to such of the company's other creditors who were willing to accept that proportion of the amounts due them in settlement of their claims against it, the parties providing the fund to take over the company's assets.    The bank, then the owner of the note, through its cashier, agreed to this, and such a settlement was made with it.

The defense of Peugh, to the suit for the balance due upon the note was, that the bank's settlement with the company released him as a surety.    On the trial a verdict was instructed against him.

If the evidence conclusively established that Peugh consented to the bank's release of the company from the indebtedness, the verdict was properly directed.    He contends that such is not the force of the evidence.    We have examined it fully, and are convinced that it presented no issue on the question.    It is undisputed that Peugh was a party to the settlement proposal; that he personally contributed a portion of the fund provided for that purpose; and that he took part in the negotiation with the bank's cashier for the bank's acceptance of the plan of settlement with respect to its claim.    He was one of the promoters, in other words, as the undisputed proof shows, of the settlement that was made with the bank; was interested in its procurement; and, as one of those proposing it to the bank, took part in the transaction in which it was effected.

It is urged that to avoid his release as a surety from the obligation of the note, as the legal consequence of the settlement, the burden was upon the plaintiffs to establish his affirmative consent to the release of the principal debtor; that, according to the proof, he merely remained silent at the time the bank's cashier expressed his willingness to make the settlement, which, it is said, did not evidence his consent to the principal's release, or, at least, presented an issue of fact as to whether he was concluded in his defense by estoppel, which was not pleaded.

But we do not think the question is in that attitude. A main object of Peugh and the four creditors associated with him in the settlement plan, in executing the transaction with the bank, was to obtain the company's release from any further liability for its debt. The settlement was to be made with the bank on no other basis. He participated in the transaction itself, plainly acting as one of the promoters of the plan. It is difficult to perceive how, under these circumstances, his position in the transaction could have been other than one of positive agreement to the company's release from the debt. It was that which he and his associates sought to accomplish in the transaction, and which they did accomplish. Necessarily, he consented to a result that he intended to bring about and helped to effect.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*