SEITZ and another, Appellants, vs. ZUKOWSKI, Respondent.

*October 10—November 8, 1927.*

*Evidence: Opinion evidence: As to faulty building construction: Witnesses experienced in similar work: Parol, evidence: To explain ambiguous language in contract.*

1. In an action to recover the agreed price of the construction of a mausoleum the evidence disclosed that the bearing surface on some of the granite blocks forming the exterior of the structure was narrow and that part of the space between the blocks · was filled with broken stone and concrete.  *Held,* that witnesses who had large experience in the construction of similar walls in ,other buildings might give testimony that such construction constituted a material defect in the mausoleum, although none of them had ever planned or built a mausoleum. p. 80.

2. The trial court properly admitted evidence of what was said before the contract was signed for the purpose of explaining ambiguous terms used in the contract, such as "Cross with roses as shown" and "Newburg special," such terms being so ambiguous as to require oral testimony to ascertain the intent of the parties as expressed by the language used. p. 80.

3. Parol negotiations showing the intention of the parties in using the language employed in a contract become part of the , characterizing circumstances surrounding its execution, and may be received in order to ascertain the meaning of the language used. p. 81.

4. The fact that the parties contracted with reference to the

particular meaning of the words used is a "circumstance" within the rule that the circumstances characterizing the making of the contract may be shown to aid in construing it. p. 81.

APPEAL from a judgment of the circuit court for Clark county: EDGAR V. WERNER, Judge. *Affirmed.*

Action by *George Seitz* and *Emil Seitz,* doing business as the Winona Monument Company, to recover from *Martin Zukowski* for the construction of a mausoleum. From a judgment for the defendant the plaintiffs appeal.

The parties entered into a contract in writing whereby it was agreed that the appellants should construct a mausoleum for the defendant *Zukowski.* The contract was upon a printed form and was in part as follows:

"Witnesseth, that said *Mr. M. Zukowski* has this day ordered of the Winona Monument Co. a mausoleum of Minnesota Pink exterior Marble interior & bronze fittings & doors, to be finished in accordance with the design— Newburg Special.

Original plan for 6 cribs above floor & 3 below. Makes 9 cribs job. Cross as shown with roses. We guarantee the best work.

Inscription as follows: Mother. Francis Zukowski, on Sept. 11, 1923. slab. This mausoleum to be of good ventilation — to pass State inspection."

The jury found among other things that it was agreed by the parties that the bearing surfaces of the granite blocks in the exterior walls should be substantially as wide and as long as the thickness and length of the stones on either side of the joints, and that the plaintiffs intentionally built the joints of the mausoleum so that they did not comply with this part of the agreement. The jury further found that the crypts below the floor of the mausoleum were not built according to contract and that the appellants neither fully nor substantially performed their contract. Judgment was entered dismissing the action.

*L. J. Brody* and *Q. H. Hale,* both of La Crosse, for the appellants.

*Roy P. Wilcox* of Eau Claire, for the respondent.

STEVENS, J.    The evidence received upon the trial supports the verdict.    The only questions presented by the appeal are whether the court erred in the reception of evidence.

1. The proof establishes the fact that on sixty per cent. of the joints of the granite blocks that formed the exterior of the mausoleum the bearing surface of the blocks was less than two inches in width, instead of being as wide as the blocks themselves.    It further appears that the balance of the space forming the joints between the blocks was filled with broken stone and concrete.

Appellants urge that the court erred in receiving evidence that this construction constituted a material defect in the mausoleum, because the witnesses who testified to that effect had never planned nor built a mausoleum.    We are unable to perceive how the problems connected with the building of the walls of a mausoleum differ from those encountered in the erection of any similar structure used for other purposes so as to disqualify the witnesses who had large experience in the construction of similar walls in other buildings.    Indeed it seems self-evident to one not experienced in the construction of buildings that the method of filling the space behind the stone slabs with chips of stone and concrete must result in a structure that is inferior to one built out of solid blocks of granite.

2. The court properly received evidence of what was said before the contract was signed,—not for the purpose of contradicting the written contract, but to explain ambiguous terms used in the contract.    Appellants recognized the necessity of some evidence to explain the terms used in the contract.    In their complaint they alleged that the mausoleum

was to be constructed according to plans and specifications submitted, which are not a part of the written contract. In their brief they concede that such terms as "Cross with roses as shown" and "Newburg special" may have required oral testimony to show what the parties intended by the use of these terms. Very clearly this and other terms of the contract were so ambiguous as to require the receipt of oral testimony to ascertain the intent of the parties as expressed by the language used. *Boden v. Maher,* 105 Wis. 539, 543, 81 N. W. 661.

"Parol evidence to vary the terms of a written contract is one thing; such evidence to enable the court to say what the parties to a contract intended to express by the language adopted in making it, is quite another thing. The former is not permissible. . . . The latter is permissible and is often absolutely essential to show the real nature of the agreement." *Radtke v. Rothschild W. P. Co.* 158 Wis. 271, 276, 148 N. W. 866. "The office of such testimony is, within the meaning of the terms employed in the writing, to render certain that which is uncertain, and to determine just what in fact the writing was intended to express." *Hammond v. Capital City Mut. F. Ins. Co.* 151 Wis. 62, 67, 138 N. W. 92.

Such parol negotiations became a part of the characterizing circumstances that surround the execution of a contract which the court may well receive in order to put itself in the place of the parties in order to ascertain the meaning of the language used in the contract. *Jones v. Holland F. Co.* 188 Wis. 394, 398, 399, 206 N. W. 57. The fact that the parties contracted with reference to the particular meaning of the words used is treated as a circumstance within the rule that the circumstances characterizing the making of a contract may be shown to aid in construing it. *Klueter v. Joseph Schlitz B. Co.* 143 Wis. 347, 356, 128 N. W. 43.

The proof received in this case did not vary the terms

of the written contract, but merely placed the court and jury "as nearly as may be in the position in which the parties stood when they made their contract." *Burton v. Douglass,* 141 Wis. 110, 116, 123 N. W. 631.

We are satisfied that the court committed no error in the reception of evidence, that the parties have had a fair trial, and that they must abide by its result.

*By the Court.*—Judgment affirmed.