GREEN and another, Appellants, vs. LOBERG and another, Respondents.

*May 11—June 12, 1931.*

*J. R. Pfiffner,* attorney, and *R. T. Reinholdt* of counsel, both of Stevens Point, for the appellants.

For the respondents there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

FRITZ, J. On the trial and on this appeal defendants contended that their liability as guarantors had been discharged by a full and complete settlement of all claims which plaintiffs had against both defendants, by the payment of $1,250. That defense was based on an agreement made between the parties on January 19, 1927, during the trial of another action brought by plaintiffs against defendants to recover damages because of a conspiracy to defraud in another transaction. In that action plaintiffs sought to recover three items of damage on account of which they claimed $2,106.54, including interest; but defendants' guaranty of the $1,000 note (upon which $1,350 were then due) was not involved in that action. The trial of that action was discontinued upon the parties entering

into the following stipulation, which was duly noted in the minutes by the court reporter, to wit:

"The action is to be continued and is settled on the basis of payment on behalf of the defendants of the sum of $1,250; $500 to be paid within ten days, the balance within sixty days. In the event of failure to make a settlement judgment will be entered in accordance with the demands of the plaintiffs' complaint. This is in full release of all claims against both defendants."

In the case at bar plaintiffs contend that that stipulation does not on its face release or discharge defendants from liability for the note in suit; that it cannot be construed by resorting to parol evidence; and that it is not ambiguous or incomplete so as to render parol evidence admissible to establish that it was to release or discharge defendants from liability for the note. The learned circuit judge, overruling those contentions, received evidence and submitted the issue of fact to the jury, which found that the settlement, when made, was understood and agreed between the parties to cover all claims and demands of plaintiffs against defendants, including the note involved in the present action. The evidence fairly admits of that finding, and as it was approved by the trial court in ordering judgment thereon, it cannot be disturbed on appeal unless based upon evidence which was improperly admitted over plaintiffs' objections.

Although the first two sentences of the stipulation relate solely to the action which was then on trial, the scope of the words "all claims" in the third sentence, "This is in full release of all claims against both defendants," is so comprehensive as to include on its face, at least, plaintiffs' claim on the guaranty. Manifestly there is a variance between the intention expressed in the first two sentences and that which is evidenced by the third sentence. That variance renders the stipulation, as an entirety, ambiguous, and resort

must be had to rules of construction, or to extrinsic evidence in explanation of the stipulation, and to identify claims which are within its terms as written. Plaintiffs contend that the resulting ambiguity can and should be solved without resorting to parol evidence, by applying the rule of construction that the scope of general words which are preceded by a more particular statement is restricted to the particular statement. However, although due consideration should be given to that and other applicable rules of construction, they do not operate to the exclusion of other competent means of ascertaining the true intention of the parties. Thus, in *Hoffman v. Eastern Wis. R. & L. Co.* 134 Wis. 603, 607, 115 N. W. 383, this court, in an opinion concurred in by a majority of the Justices, said:

"The rule contended for, that particularization followed by a general expression will ordinarily be restricted to the former, is based on the fact in human experience that usually the minds of parties are addressed specially to the particularization, and that the generalities, though broad enough to comprehend other fields if they stood alone, are used in contemplation of that upon which the minds of the parties are centered. It is the foundation of the whole rule *noscitur a sociis;* but if the contrary appear to have been the intent, courts will defeat instead of execute the real contract of the parties by blind submission to any such rule."

Consequently, in the case at bar it was proper to resort to all applicable rules of construction. When, upon applying the stipulation to the subject matter to which it related, an ambiguity therein appeared, then parol evidence of the facts and circumstances surrounding its consummation was admissible to solve the ambiguity and enable the court and jury to understand what the parties intended to express in the language which was adopted.

"Parol evidence to vary the terms of a written contract is one thing; such evidence to enable the court to say what the parties to a contract intended to express by the language adopted in making it, is quite another thing. The former

is not permissible. . . . The latter is permissible and is often absolutely essential to show the real nature of the agreement. . . . The one is a rule to preserve the contract as expressed in writing; the other is a rule of construction to determine what the contract, as expressed, is, it being kept in mind that the mutual intention of the parties, so far as the same can be ascertained, governs within the reasonable meaning of the language they chose to express it; and that rules of construction to discover it are not to be resorted to unless there is some ambiguity to be cleared up." *Boden v. Maher,* 105 Wis. 539, 543, 81 N. W. 661. See, also, *Klueter v. Joseph Schlitz B. Co.* 143 Wis. 347, 356, 128 N. W. 43; *Hammond v. Capital City Mut. F. Ins. Co.* 151 Wis. 62, 67, 138 N. W. 92; *Radtke v. Rothschild Water Power Co.* 158 Wis. 271, 276, 148 N. W. 866; *Seitz v. Zukowski,* 194 Wis. 78, 81, 215 N. W. 939.

Plaintiffs further contend that, as defendants were secondarily liable on the note in suit within the meaning of sec. 117.38, Stats., the settlement and release did not operate to discharge them from their liability as indorsers or guarantors because sec. 117.38 specifies "the only methods or causes by or for which persons secondarily liable on a negotiable instrument . . . can be discharged from liability on the instrument;" and that section does not specify a release as one of such methods or causes. Although there are suggestions in decisions in other jurisdictions that the entire field of discharge of negotiable instruments appears to have been intended to be covered by statute, this court has held that sec. 117.38 "does not specify all the instances or contingencies that may arise to release a guarantor." *Farmers State Bank v. Hansen,* 174 Wis. 100, 103, 182 N. W. 944. Consequently, in that case, conduct on the part of the holder of the note, after it became due, which amounted to a fraud on the guarantor was held to operate to discharge the guarantor, although such fraudulent conduct does not fall within any of the methods or causes of discharge which are specified in the statute. It will be noted

that none of the methods or causes which are specified relate to any conduct or transaction in which the party secondarily liable, who claims to have been discharged, actively participated. They merely relate to acts or transactions between other parties to the paper, of which another party secondarily liable seeks to take advantage as a discharge. It does not appear to have been the intention to cover at all acts by, or transactions directly with, the party secondarily liable, who claims to have been discharged by reason thereof. Thus, payment by such party is not specified; but it would be absurd to contend that because of that omission his payment does not operate to discharge his liability. Likewise it would be absurd to construe the statute as excluding discharge by other transactions which would operate as a discharge from their obligations because they constitute a fraud on the party who claims to have been discharged thereby, or a simple contract with him, the terms of which effect his release or discharge. It is also probably significant that among the methods or causes of discharge specified there is no mention of the bar afforded by the statute of limitations, although it does not seem likely that it was intended to deprive a party secondarily liable of that defense. At all events, it would not be consonant with sound sense to hold that the discharge of such liability could not occur, independently of the statute, when the parties voluntarily entered into an express contract of settlement and release, which has been fully performed. Consequently, upon defendants' performance of the contract of settlement, they were discharged and released from all claims which the plaintiffs had against them on January 19, 1927, including the claim on the note and guaranty upon which this action was based.

*By the Court.*—Judgment affirmed.

NELSON, J., took no part.