NATIONAL BANK OF LA CROSSE, Appellant, vs. FUNKE and another, Respondents.

*May 9—June 5, 1934.*

542

For the appellant there were briefs by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *George H. Gordon.*

For the respondents there was a brief by *Lees & Bunge* of La Crosse, and oral argument by *George W. Bunge.*

FOWLER, J.   The appellant bank claims that the court erred in concluding that by signing the creditors' agreement indorsed on the trust deed it released the defendants from their liability as accommodation indorsers on the notes.

By the terms of the trust deed and the creditors' agreement the bank agreed to accept its *pro rata* share of the avails of the assets of the company in payment of its claims, in case the assets should not yield sufficient funds to pay the claims of the creditors in full.   The assets will not pay out more than twenty per cent of the amount of the claims.   The bank's three notes were a part of its claim.   The bank has therefore agreed to accept its share of the avails of the assets of the company in payment of its claim and release the company from further payment.

The deed and the creditors' agreement constituted a composition with creditors.   Where a creditor has accepted the amount stipulated in a composition agreement the debtor is

released. *American Blower Co. v. Lion B. & T. Co.* 178 Iowa, 1304, 160 N. W. 939, 940; *Schuff v. Germania Safety-Vault & T. Co.* (Ky.) 43 S. W. 229; *Paddleford v. Thacher,* 48 Vt. 574; *Hall v. Wilcox,* 174 Eng. Rep. (Full Rep.) 20; *Walker v. Brooks,* 4 Weekly Rep. 347. This court has so held. *Johnson v. Parker,* 34 Wis. 596; *Continental Nat. Bank v. McGeoch,* 92 Wis. 286, 66 N. W. 606. Where the agreement has been executed, although full payment has not been received under it, the debtor is released. *Daniel's Ex'r v. Wharton,* 90 Va. 584, 19 S. E. 170. Composition agreements are valid and no reason is perceived why the parties to them are not held to them as effectively before payment has been received thereunder as after. Under a familiar common-law rule, release of the principal releases the surety. Thus under the common law the defendants, who are sureties for the company, would stand released unless their signing of the trust deed as officers of the company operated as consent to the company's release. It has been held that by signing for a corporation a composition agreement the president and secretary of the corporation, who were sureties on its note, consented to the release of the corporation from the portion of the debt not covered by the agreement, and because of their consent were still bound for this amount. *Peugh v. Moody,* 107 Tex. 601, 182 S. W. 892.

However, we are constrained to hold as to a surety secondarily liable, the Uniform Negotiable Instruments Act which this state has adopted, has modified the common-law rule that consent by the surety to release of the principal leaves the surety bound. The defendants as indorsers were secondarily liable. *Green v. Loberg,* 205 Wis. 221, 237 N. W. 274. Sec. 117.38 (5), Stats., provides that:

"A person secondarily liable on the instrument is discharged by a release of the principal debtor, *unless* the holder's right of recourse against the party secondarily liable is expressly reserved."

The reservation referred to in sub. (5) manifestly must be incorporated in or contemporary with the release so as to be a part of the entire agreement. Here the agreement of release does not expressly reserve the right of recourse against the defendant indorsers. It has been held under this provision of the Uniform Negotiable Instruments Act that even where the indorser of a note expressly consented to the principal's discharge by payment of less than the sum due by an indorsement on the note signed by himself, he was discharged from liability, because the right of recourse against him was not "expressly reserved." *Phenix Nat. Bank of N. Y. v. Hanlon,* 183 Mo. App. 243, 166 S. W. 830. This result is characterized as "regrettable" in Brannan's Negotiable Instruments Law, page 911, because the indorser evidently intended by this indorsement of consent to waive objection to the principal's discharge, and it is there stated that "the decision is supportable only on the theory that the case is not a *casus omissus*" under the clause of the negotiable instruments act, sec. 116.01, last sentence, providing that "in any case not provided for in this chapter the rules of the law merchant shall govern."

It would seem that a holder of a note might as effectively "expressly reserve" his right of recourse by procuring an indorser expressly to consent to the principal obligor's release as by any other method, and that the "regrettable result" of the decision of the case last cited might have been avoided upon this ground. But if the last case had been decided to the contrary it would form no precedent for the instant case, because here there was no "express consent" by the indorsers to the release of the principal obligor, even though they might be held to have impliedly consented to the release by signing of the trust deed, nor was there "express reservation" by the bank of the right of recourse against them by any other method. Sub. (6) of sec. 117.38, Stats., provides that one secondarily liable is not discharged by an extension

of time to the principal if he assents thereto. As assent to extension of time of payment was inserted in sub. (6) as exempting from discharge one secondarily liable, it may be inferred that it would have been inserted in sub. (5) had it been intended that it should exempt from discharge in case of release of the principal.

Upon the language of sub. (5) itself and in view of the insertion of assent as exempting from discharge in sub. (6) and its non-insertion in sub. (5), we consider that it must be held that sub. (5) covers the instant situation, and that the defendants are discharged because the bank did not expressly reserve recourse against them when it signed the composition agreement.

Some other matters are discussed in the briefs of counsel, but as the above disposes of the case there is no need to mention them.

*By the Court.*—The judgment of the circuit court is affirmed.