**CAMCO OIL CORPORATION**
v.
**T. F. VANDER LAAN, d/b/a Laan-Tex Oil Company.**
No. 14973.

United States Court of Appeals, Fifth Circuit.

March 31, 1955.

M. R. Irion, Irion, Cain, Bergman & Cocke, Dallas, Tex., Douglas E. Berg-

man, Dallas, Tex., of counsel, for appellant.

Morris Jaffe, Dallas, Tex., for appellee.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment of the district court for the Northern District of Texas, in which the trial court, without a jury, found appellant liable to appellee in a third party beneficiary action. The facts are not in dispute.

■ Under a contract, dated June 26, 1952, Camco Oil Trust agreed to pay appellee the sum of $25,000 for a one-half interest in four oil leases covering land in Gaines County, Texas, and appellee agreed to drill for oil to a depth of 6,000 feet or to the San Andres lime formation. If oil or gas was indicated, appellee was to set pipe, and the cost of the pipe and any other expenses thereafter incurred were to be shared equally by appellee and Camco Oil Trust.

The assignments of a one-half undivided interest were made to Camco Oil Trust, and the $25,000 was paid to appellee. The appellee drilled the subject well into the San Andres formation, and said formation showed indications of oil in the cuttings. Appellee caused logs of the formation to be made, both logs showing an indication of oil. Thereafter appellee ran pipe in the well. Camco Oil Trust was notified of these facts, and upon being billed paid their one-half of the cost of the pipe. Appellee was never successful in completing a commercial well.

During the attempt to complete the well as a commercial producer, Camco Oil Trust executed an assignment to Camco Oil Corporation conveying an undivided one-fourth interest in the lease on which the well was located. At the time of the execution of this assignment appellee was engaged in work on the well. Said assignment was executed by Charles A. Mogavero as trustee of Camco Oil Trust. On the date of execution of said assignment Mr. Mogavero was also president and director of appellant, Camco Oil Corporation. The assignment contains the following clause:

"The interest herein assigned shall bear its proportionate part of all costs and expenses of operation and development of the aforesaid lease, except the cost of cutting the hole in the well presently being drilled on the Northeast Quarter (NE/4) of Section 2."

This assignment was duly filed for record in the Oil and Gas Lease Records of Gaines County, Texas.

Appellee incurred expenses in the amount of $65,643.27 in attempting to make the well into a commercial oil well. This amount did not include any of the expense of cutting the hole.

Camco Oil Trust and Camco Oil Corporation failed and refused to pay any part of these expenses. Mr. Mogavero testified that although he considered $15,000.00 to $20,000.00 a reasonable amount to spend on attempting to complete this well, he considered the amount spent by appellee to be exorbitant, and on advice of legal counsel refused to pay any amount.

This law suit then resulted.

The trial court found that when Camco Oil Trust assigned a one-fourth interest in the subject leases to appellant, appellant agreed to pay one-fourth of the expenses incurred; that appellant failed to pay for said expenses, and that appellant was indebted to appellee in the sum of $16,335.82.

Appellant here attacks the judgment of the trial court on several grounds, the principal one of which is that the language contained in the assignment to it did not constitute a contract for the benefit of appellee such as would give appellee a cause of action for the recovery here sought. It is unnecessary for us to consider the other grounds of appellant's appeal because it is clear that the court erred in finding appellant liable to appellee on the theory of a third party beneficiary.

This is not a case where in a contract between two parties one of them expressly agrees to assume the obligation of the other to a third party. This is simply a case in which an interest assigned by one party to another is burdened for the benefit of the assignor with its proportionate part of the expenditures required to be made to the third party by the assignor.

■ The burden is, of course on the plaintiff in an action of this kind to prove that the "contract" sued upon was for his benefit. See Cannon Ball Motor Freight Lines v. Grasso, Tex.Civ.App., 59 S.W.2d 337, at page 342, in which the court says:

"Under accepted rules for the construction of contracts, where a stranger contends that it was intended that the provisions of a contract should inure to his benefit, such intention must be clearly apparent. In the policy under consideration it does not clearly appear that the injured parties shall have primary rights against the insurer, but, on the contrary, it does appear, as above pointed out, that there is to be no primary liability to injured parties. In Van Derhoof v. Chambon, 121 Cal.App. 118, 8 P.2d 925, 930, the court said:

" 'Nowhere in the policy is there any express contract of direct liability to third persons. An intent to make an obligation inure to the benefit of a third party must clearly appear in the contract, and if there is any doubt about it, it should be construed against such intent.'

"Leon v. Gulf Production Company, Tex.Civ.App., 35 S.W.2d 1101; Hoffer Oil Corp. v. Hughes, Tex.Civ. App., 16 S.W.2d 901; Miles v. Briggs, Tex.Civ.App., 18 S.W.2d 850; Pennington v. Bevering, Tex. Com.App., 17 S.W.2d 772; Southern Travelers' Ass'n v. Wright, Tex. Com.App., 34 S.W.2d 823; Blair v. Bird, Tex.Civ.App., 20 S.W.2d 843;

Sweetwater, etc., Ass'n v. Allison, Tex.Civ.App., 22 S.W.2d 1107."

Affirmed by the Supreme Court of Texas, 125 Tex. 154, 81 S.W.2d 482.

■ The Texas law is clear that in order for a third party to recover on a contract to which he is not a party, it must clearly be shown that the contract was intended for his benefit. Banker v. Breaux, 133 Tex. 183, 186, 128 S.W. 2d 23; Price v. Lee, Tex.Civ.App., 119 S.W.2d 673. See also 31 Tex.Law Rev. 902, where in a recent article it was stated:

"In the majority of the Texas cases, regardless of the type of transaction involved, recovery is not allowed without an express statement that the promise is for the benefit of the third party."

No authority cited to us by appellee conflicts with the statements of the law in Texas enunciated above.

It is further significant to note that in the assignment here before the court, there was no personal assumption by the assignee of any obligation, and, although it is not necessary to a decision of the case in the light of what has been said above, we think it quite doubtful as to whether the transfer of the one-fourth undivided interest in the lease to Camco by a conveyance containing the disputed language, does more than bind the undivided interest for the payment even to the grantor. See 31 Texas Jurisprudence 446, § 246, Oil & Gas:

"Duties, Obligations & Liabilities of Assignee. * * * The purchaser of an oil and gas lease subject to an outstanding oil payment does not become personally liable for any amount owing by the tract covered by the lease or by an adjoining tract."

It is not necessary for us to consider the interesting question as to which law is properly applicable, whether that of Massachusetts or that of Texas. We have treated the case as one in which

**900**

the Texas law controls, since this is most favorable to appellee, whose claim we find not to be supportable even under the law which he invokes.

The judgment of the trial court is Reversed and the case is Remanded with directions to the trial court to enter a judgment for appellant, the defendant below.

Reversed and Remanded.