**PHILCO DISTRIBUTORS, INC., Plaintiff,**

v.

**Alton O. EDLER, Defendant.**

**Civ. A. No. 5–245.**

United States District Court
N. D. Texas,
Lubbock Division.

Aug. 30, 1968.

Matthews & Matthews, Tom D. Matthews, Jr., Dallas, Tex., for plaintiff.

Anderson, Edwards & Warnick, (J. Q. Warnick, Jr. and Hugh Anderson), Lubbock, Tex., for defendant.

Memorandum Opinion:

WOODWARD, District Judge.

Philco Distributors, Inc., as Plaintiff, filed complaint against Alton O. Edler, Defendant, to enforce payment of a promissory note executed by Alton O. Edler and payable to Philco Distributors, Inc., in the principal sum of $20,000.00 and dated March 27, 1964.

Defendant denied liability on the note pleading that the note sued upon was executed by him to guarantee payment of certain corporate debts in the sum of $20,000.00 owed by Edler Furniture Co., Inc., and Self-Service Furniture, Inc. to Philco. Defendant claimed that a creditors' composition agreement entered into on May 19, 1964, between the corporations and its creditors constituted an accord and satisfaction which discharged defendant as guarantor and released him from further liability. Defendant also claimed that Philco had waived its rights to enforce the note by releasing its security and was estopped to enforce the note because it had accepted payment under the creditors' composition agreement.

The evidence shows that the amount of the note was the same as the amount of the outstanding corporate debts owed to Philco, and that the note had been given in order to forestall the filing of a law suit against the corporations to collect the debts.

An attempted mortgage or pledge, in the form of unrecorded lists of certain corporate physical assets and accounts receivable were attached to the note. However, both the accounts receivable and the physical assets listed were used in the operation of the corporations' business by and with the consent of Alton O. Edler. Philco never had possession of the assets nor did it collect the accounts receivable.

On May 19, 1964, the officers of the corporations, including Mr. Edler, as President, and various creditors met and agreed upon a creditors' composition agreement. This agreement provided, among other things, that the business would be operated by a creditors' committee, and that payment to the creditors by the operating committee would constitute payment in full of all corporate indebtedness even if the total amount paid was less than the full sum due.

Edler signed the creditors' composition agreement, as President and on behalf of the corporations, and continued to manage the business of the corporations under the direction of the creditors' committee.

Though Philco attended the creditors' meeting, it did not formally execute the agreement of May 19, 1964; however, it did receive and accept payments from the creditors' committee by way of a check which contained a restrictive endorsement.

We can assume that partial payment to Philco by the creditors' committee was sufficient to release the two corporations from any further obligations or indebtedness to Philco. A total of $4,100.00 was paid to Philco on these debts, leaving a balance of $15,900.00.

■ Defendant claimed that he was an intended third party beneficiary to the composition agreement between the corporations and the creditors. In this case Defendant was a party to the agreement only in his corporate capacity. If there was any intent to benefit Defendant, it was not expressed in the agreement; moreover, Defendant introduced no evidence from which such intent could be inferred. Without clear proof that the agreement was to inure to the benefit of Defendant, individually, there is no contractual right which Defendant can enforce. Camco Oil Corp. v. Vander Laan, 220 F.2d 897 (5 Cir., 1955); See also Corbin, Contracts § 190.

■ There was no evidence presented which raised an issue of estoppel. Philco's acceptance of the creditors' agreement discharged only the corporations. Outside of accepting the check, there was no conduct or representation on the part of Philco which gave any indication that it intended to release Defendant

from liability on the note and upon which Defendant could have relied to his detriment.

 Defendant also contended that the note was executed by him solely as surety for the corporations' indebtedness to Plaintiff and that release of the indebtedness to the corporations did, as a matter of law, release him as surety. This defense is not available to Defendant here because the promissory note constituted a separate and primary obligation of Edler, as an individual, given to Philco for valuable consideration. Further, Edler actively promoted and assisted in the planning and enactment of the creditors' composition agreement, and by his acts and conduct in this regard is held to have consented to any release that Philco may have given the corporations of their indebtedness. Peugh v. Moody, 107 Tex. 601, 182 S.W. 892 (1916).

 The Defendant Edler also claimed that since the security given on the property of the corporations was disposed of, that he, as a surety, can no longer be held liable on the note. The evidence shows that Philco did not dispose of this security and that it never had possession of either the physical assets or of the accounts receivable. On the other hand, the evidence does show that there was no valid mortgage ever given, and that in fact the physical assets were disposed of by Alton O. Edler when he was managing the affairs of the corporations and that the accounts receivable were collected during this time. If he did not actually dispose of the security himself, he certainly consented to same and cannot now be allowed to object to something that was the result of his own acts and not that of the Plaintiff, Philco Distributors, Inc. Ramsey v. Wahl, 235 S.W. 838, (Tex. Commn.App.1921, opinion adopted).

Accordingly, based on the Findings of Fact and Conclusions of Law heretofore entered in this case, judgment should be awarded Plaintiff as prayed for.