## GAETANO CAMA *vs.* ANTONIO MASTRACCHIO.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

A lessee for a term of years of a farm and the live stock thereon, becomes the owner of the progeny or offspring of such stock, born during the term, in the absence of any provision in the lease to the contrary.

Submitted on briefs October 25th, 1921—decided February 11th, 1922.

ACTION of replevin to recover possession of a colt, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

On November 30th, 1917, Gaetano Cama, leased to Antonio di Gigli a farm in East Haven, together with the live stock thereon, including a mare valued at $250, then with foal, for a term of five years. At some time after the lessee took possession under the lease the mare was delivered of a colt which the lessee sold, about November 1st, 1920, to the defendant, Mastracchio. This action was brought by the plaintiff to recover possession of the colt. The trial court held that since there was no agreement to the contrary in the lease, the colt, when born, became the property of the lessee, and that the lessor was not entitled to the possession thereof.

*Arthur B. O'Keefe* and *John Cunliffe, Jr.,* for the appellant (plaintiff).

*Philip Pond,* for the appellee (defendant).

PER CURIAM.   The rule laid down by Kent is that "if a person hires for a limited period a flock of sheep or cattle of the owner, the increase of the flock during the time belongs to the usufructuary, who is regarded as the temporary proprietor."   Vol. 2 (1st Ed.), p. 294 § 36.   This rule is abundantly supported by authority. 1 R. C. L. p. 1074; 3 Corpus Juris, p. 22 and cases cited.   The comparatively recent case of *Brandt & Co.* v. *Verhagen*, 161 Wis. 3, 152 N. W. 448, is directly in point.   In that case there was a lease of a farm with the live stock thereon, with no reservation to the lessor of the increase of the stock.   It was held that the written contract carried on its face the whole use of the stock, "including an increase of number of animals"; and on page 5 it is said: "That is a general rule to be applied in all cases of an unconditional lease for a season of farm animals."   And again:   "That manifestly does not apply to a casual hiring but to a letting for a term so that an increase would naturally be expected in the ordinary course of things as such animals are ordinarily kept."   With this statement of the rule and of its limitations we agree.   In this case the mare was known to be with foal, and yet she was leased, together with the cows, sheep and poultry on the farm, without reservation as to use and without reservation as to her expected increase, for the term of five years.   Under such circumstances it is not reasonable to impute to the lessee an implied agreement to spend his own time and care in rearing the natural increase of live stock, and in the meantime to consume his own crops in feeding them, for the benefit of the lessor at the termination of the lease.   *Fitts* v. *Brown*, 20 N. H. 393, 396.

There is no error.