JANKOWSKI, Respondent, vs. KOMISAREK and another, Appellants.

*October 9—November 5, 1952.*

The cause was submitted for the appellants on the brief of *Lehner & Lehner* and *Howard N. Lehner,* all of Oconto Falls, and for the respondent on the brief of *Duveneck & Fisler, Fred W. Fisler,* and *C. William Duveneck,* all of Green Bay.

CURRIE, J.   On this appeal, unlike in the court below, the defendants concede that the plaintiff is entitled to judgment for the value of the three calves born in the spring of 1950. No question is raised as to the court's finding of the $7.97 value for the one calf which was sold, and the sole question on this appeal is whether the trial court's finding of $300 value for the remaining two calves is against the great weight and clear preponderance of the evidence.

Under date of April 27, 1949, the plaintiff and the defendant Komisarek, entered into a written lease whereby Komisarek, as lessor, leased to the plaintiff, as lessee, a farm, and certain farm machinery, livestock, and other personal property.   The term of the lease commenced with the signing thereof, and expired April 1, 1950.   Among the leased livestock described in the lease were three spring calves born earlier in 1949.   At the expiration of the lease on or about April 1, 1950, the defendant Komisarek sold the farm and personal property to the defendant Karniak.   Included in such sale were three heifers, being the three 1949 calves described in the lease, and three 1950 calves born during the term of the lease.

In *August Brandt & Co. v. Verhagen* (1915), 161 Wis. 3, 152 N. W. 448, this court held that where farm animals are leased for a season without reservation, the increase belongs to the lessee. Counsel for the defendants concede that such authority rules the instant case in so far as the plaintiff's right to recover the value of the three 1950 spring calves is concerned. However, it is contended that plaintiff mistakenly thought he was entitled to the three 1949 calves which were on the farm when he leased it and which he had thereafter raised, and that plaintiff's testimony as to the value of the two calves he claimed as being worth $300 had reference to two of these 1949 calves. Careful reading of all the testimony in the record bearing on this issue convinces us that this is so.

The plaintiff testified that he tried to sell two calves to a neighbor, one Hodkiwicz, and the trial court's finding, that the reasonable value of two of the three 1950 calves was $300, is apparently based on plaintiff's testimony of such proposed sale to Hodkiwicz. There is no other testimony in the record bearing on the value of such two calves, except that of the defendant Komisarek which will be referred to later herein. Plaintiff's testimony with respect to the proposed sale to Hodkiwicz is as follows:

"*Q*. Did you [the plaintiff] ever make any effort to sell these calves? *A*. Yes.

"*Q*. And what was the price that you had been offered? *A*. $150 apiece. . . .

"*Q*. When did you try to sell those calves? *A*. Before I left the farm.

"*Q*. Who did you try to sell them to? *A*. Dan Hodkiwicz. . . .

"*Q*. Did you and he discuss the purchase and sale of those calves? *A*. That is right.

"*Q*. Did he put a price on them? *A*. Yes.

"*Q*. And what price did you put on the calves? *A*. Well I told him he could have them for $150 apiece."

Plaintiff testified that all three of the calves he claimed were Guernsey heifers and that the weights of the same were respectively, three hundred fifty pounds, four hundred twenty-five pounds, and four hundred seventy-five pounds, according to his estimate. The testimony as to weights was immediately followed by the foregoing quoted testimony relating to plaintiff's attempt to sell these calves having such weight to Hodkiwicz.

The defendant Komisarek testified without dispute that he visited the leased farm about the middle of February, 1950, at which time but one of the 1950 calves was then born and that one was about one week old, and that the other two were born afterward but prior to April 1, 1950, the youngest one being about one week old when he took possession on April 1st and sold it to Karniak. It was the week-old calf which was sickly and was sold for $7.97. Therefore, the oldest of the three 1950 calves was born after February 1, 1950, and it is common knowledge that Guernsey heifer calves less than two months of age do not attain anywhere approximately a weight of three hundred fifty, or more, pounds each.

Furthermore, plaintiff called as his witness his brother-in-law, Edmund Czczepanski, to corroborate his testimony of the attempted sale to Hodkiwicz, and Czczepanski gave the following testimony:

"Q. Do you know of Antone [the plaintiff] attempting to sell some calves which were on his farm just shortly before he left the farm? A. Yes.

"Q. Describe for the commissioner what type of calf or animal that was? A. They were about one and a half years old, at least, they would go for that, if they were not and they were of the breeding age, fit to be bred, and which would be cows now or at least could be cows or which would develop into a good dairy cow.

"*Q*. And was that true when Antone left the farm, were they that type at that time? *A*. Yes they were in good condition and they were good thrifty heifers."

That the plaintiff was claiming the three 1949 calves and not the three 1950 calves is further demonstrated by the following testimony given by plaintiff:

"*Q*. Were there three calves when you signed the lease and went in possession? *A*. Yes.
"*Q*. Were they heifers? *A*. Yes.
"*Q*. Guernseys? *A*. Yes.
"*Q*. Those are not the ones that are in complaint in this lawsuit? *A*. Sure."

Inasmuch as all of the plaintiff's testimony with respect to the value of the two calves being worth $150 each related to the 1949 heifers, and not the 1950 calves, there is an entire absence of testimony to sustain the finding that two of the three calves to which plaintiff was entitled were worth $150 each.

The plaintiff admitted that the three baby heifer calves born in 1950, which were left on the farm when he vacated, weighed about eighty to ninety pounds "more or less." The defendant Komisarek stated that there was not one of these three 1950 calves that would weigh one hundred pounds and that they "would probably sell as throwouts for thirty cents per pound." This is the only testimony in the record relating to the value of the two 1950 calves in question. Assuming the top weight of these two calves to be ninety pounds each and the value to be thirty cents per pound, this would result in a valuation of $54, which is the highest valuation the testimony would sustain.

It is our conclusion that the plaintiff should have the option of accepting judgment for said sum of $54, plus the $7.97 for the calf which was sold, or $61.97; or of a new trial on the issue of damages only.

The reason for affording the option for a new trial is that we deem that the interests of justice require the same.

*By the Court.*—Judgment reversed and cause remanded for a new trial on the issue of damages only, unless plaintiff, within twenty days of filing of the remittitur in the court below, serve upon defendants' counsel consent in writing to acceptance of judgment in his favor for the sum of $61.97. Defendants to have costs on this appeal.