AUGUST BRANDT & COMPANY, Appellant, vs. VERHAGEN and
others, Respondents.

*April 14—May 4, 1915.*

*Lease of farm animals: Increase: To whom belongs: Evidence: Oral
testimony contradicting writing: Weight: Striking out unre-
sponsive statement.*

1. Where farm animals are leased for a season without reservation
   the increase belongs to the lessee.
2. Where a written lease for a season of live stock on a farm con-
   tained no reservation of the increase, evidence of an oral agree-
   ment that the increase should belong to the lessor was not ad-
   missible.
3. Testimony of the lessor in this case is *held*, even if it had been
   proper, not to be sufficient to establish anything inconsistent
   with the legal effect of an unconditional written lease of live
   stock.
4. Refusal to strike out such testimony, which was not responsive
   to any question asked, was error.

APPEAL from a judgment of the circuit court for Outa-
gamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Defendant *Lockery* leased to Cornelius Van Laarhoven a
farm and some live stock thereon with the right to purchase
the same. No reservation was made of the increase of the
stock. There was such increase. The lessee mortgaged the
same as his own. *Lockery* commenced an action against his
lessee and attached the property. Then the mortgagee com-
menced an action of replevin against the officer who had pos-
session of the property under the writ of attachment. *Lock-
ery* was brought in as a defendant. Issue was duly joined.
The main question litigated was whether the increase of the
leased property belonged to the lessee at the time he gave the
mortgage. If so plaintiff was entitled to recover. Evidence
was permitted to the effect that the lessee verbally agreed not
to sell any of the increase of the leased property; that it
should be considered reserved to the lessor. A verdict was

rendered sustaining *Lockery's* claim and judgment followed accordingly against the plaintiff.

The cause was submitted for the appellant on the brief of *Francis S. Bradford* and *Albert H. Krugmeier,* and for the respondents on that of *Francis J. Rooney* and *Francis W. Grogan.*

MARSHALL, J.    The evidence that the understanding was that the lessor should be the owner of the increase from the leased stock, clearly contradicted the written contract and was improperly admitted.    Furthermore, it was not responsive to any question asked and should have been stricken out on appellant's motion which was made therefor.    To the question: "Did you ever agree with Van Laarhoven as to having the right to mortgage, sell, or convey any of the stock on the farm?" *Lockery* was permitted, in the face of proper objections, to testify: "I forbid him to sell or mortgage.    That was the understanding that he was not to dispose of any of the increase of the stock.    That was to remain my property and not disposed of."    To permit that to stand, notwithstanding a proper motion which was made to strike it out, certainly was wrong and prejudicially so, since it appertained to a vital point in the case and, particularly, because Van Laarhoven was not available as a witness.

Had the evidence which was improperly admitted been proper, still it seems the court should not have taken it as sufficient to warrant taking the case from the jury in favor of respondents.    By itself, it is far from satisfactory.    In the face of the circumstance that *Lockery* caused the property to be seized in his civil action and held as property of Van Laarhoven, it is not of sufficient weight to establish anything inconsistent with the legal effect of the unexplained unconditional lease of the live stock.

The foregoing is so plain we are inclined to think the learned trial court was of the opinion that the increase belonged

to the lessor, in the absence of some agreement to the contrary. That is not the law. It is as claimed by appellant. A lease of live stock, as in this case, without reservation, carries with it the whole use thereof, including an increase of number of animals. That is a general rule to be applied in all cases of an unconditional lease for a season of farm animals. If a lessor does not wish to be bound by it he must protect himself by the terms of his contract. That rule is a very old one though probably seldom used. It is stated upon ample authority, and principle as well, in Law of the Farm by Thompson, § 349, cited to our attention by counsel for appellant. In *Moore v. Mohney*, 1 Mich. N. P. 143, cited by the authority and found often cited elsewhere, the court stated as the settled law: "Where animals are left for hire their increase belongs to the person who hires them," unless it be otherwise agreed upon between the parties when the contract is made. That manifestly does not apply to casual hiring but to letting for a term so that an increase would naturally be expected in the ordinary course of things as such animals are customarily kept.

*By the Court.*—The judgment is reversed, and the cause remanded for judgment in favor of plaintiff.