DANIELSON, Respondent, vs. BANK OF SCANDINAVIA, Appellant.

*March 6—April 1, 1930.*

The cause was submitted for the appellant on the brief of *Lloyd D. Smith* of Waupaca, and for the respondent on that of *Goggins, Brazeau & Graves* of Wisconsin Rapids.

ROSENBERRY, C. J.   It should be said on behalf of the bank and its officers that they were themselves misled with regard to the value of the property covered by the mortgage, and that while the representations made by them were false and untrue the defendant and its officers were in 1922 not aware of the true state of affairs.

The theory upon which plaintiff seeks recovery is that under the arrangement as claimed by her and found by the jury she had a right at any time before the right became barred by the statute of limitations to make a demand upon the defendant to return her money, and that upon the making of such demand it was the duty of the defendant to repay her the consideration for the mortgage; that having made this demand and being entitled to receive back the money from the defendant bank, she was induced to forego her right upon new false and fraudulent representations upon which she relied and by reason of which she did not begin an action to recover the money until after the expiration of six years from the date of the original promise.   She now seeks recovery for damages for the false and fraudulent misrepresentations made in 1927 by which she was induced to forego a valid claim against the defendant upon the original

promise. The case is in this respect ruled by *Seideman v. Sheboygan L. & T. Co.* 198 Wis. 97, 223 N. W. 430.

The trial court correctly disposed of all questions raised upon the motion for a new trial. One question is raised here upon proper exception which was not treated by the trial court in its opinion disposing of the case. It should be said that the trial court in its opinion indicated that it would, if at all material, change the answer to question number three for the reason that it was clear that the plaintiff did have a right to rely upon representations made to her. As set out in the statement of facts, plaintiff was at the time of the trial fifty-eight years of age; her husband died in 1916. Shortly before the occurrence of the transaction in question she sold the farm upon which she had lived and removed to Scandinavia. She had never had experience in investing in mortgages. She and her husband had transacted their banking business with the defendant and she was well acquainted with R. J. Bestul, the cashier. He was familiar with her financial situation, knew that she had only about $2,500 or $2,600, and he approached the matter by asking her if she would not like to procure an investment which would pay her a larger return than a deposit in the bank; that at that time the money had been in the bank but a short time. Plaintiff's version of the transaction in her own language is as follows:

"I said, 'What would that be then,' and he said, 'I have some good farm mortgages.' I said, 'Around here,' and he said, 'No, but I have some Minnesota mortgages.' I said, 'They are good then,' and he said, 'Why, yes, I have just sold three of them to men that I knew real well and men that were in the habit of loaning money.' I thought they knew what they were doing and if it is good for them it is good enough for me. He said prior to that time, 'that if for any reason you want your money back the bank would be glad to refund it.'"

At the same time the defendant gave plaintiff a receipt as follows:

BANK OF SCANDINAVIA.

Incorporated as State Bank Sept. 1st, 1903.
Capital and Surplus $30,000.
Scandinavia, Wis., August 11, 1922.

Received from Mrs. Josephine Danielson the sum of $2,000, for which we have sold her mortgage signed by Oliver Erion and wife, dated March 13th, 1920, due March 13th, 1925.

Mrs. Danielson is to have 6 % interest on this mortgage from August 11th, 1922.

We agree to keep this mortgage in our vault for safe keeping, to collect the interest without cost to Mrs. Danielson, and to look after it as though it belonged to this bank.

BANK OF SCANDINAVIA.
Plffs Ex A.          R. J. Bestul.
C.L.O.                        By Cashier.
The Modern-Up-To-Date Bank of Service.

The defendant objected to any oral testimony by the plaintiff respecting an agreement made at the time of the transaction to. repay the money by the defendant on the ground that it could not be received to vary the terms of a written contract. If the position of the defendant upon this question is sound, the plaintiff cannot recover. There is no other proof of the agreement to repurchase in the case except the oral testimony of the plaintiff. If the bank was under no obligation in 1927 to comply with the plaintiff's demand that it return her her money, then any false statement made by the bank to her could create no liability for the reason that she sustained no damage on account of any reliance she may have placed upon such false representations.

It appears that the papers were at all times in the possession of the defendant. The plaintiff testifies that she never had the note and mortgage in hand. The note and mortgage in question bore interest at the rate of seven per cent. per annum. The first part of the document dated August 11,

1922, is clearly a receipt. It does not purport to state the terms or conditions of the sale of the mortgage by the defendant to the plaintiff. The remainder relates to the custody of the note and mortgage. The defendant agrees to keep the mortgage in its vault, collect the interest and look after the security, for which it would retain the difference between the six per cent. to be paid the plaintiff and the seven per cent. which the note and mortgage bore. The claim of the defendant is that this is a contract, and that while it is in form a receipt it includes all the elements of a contract, and like any other contract cannot be varied, expanded, or contradicted by parol testimony, citing *Conant v. Estate of Kimball,* 95 Wis. 550, 70 N. W. 74; *Twohy Mercantile Co. v. Estate of McDonald,* 108 Wis. 21, 83 N. W. 1107; *Seeger v. Manitowoc S. B. Works,* 120 Wis. 11, 97 N. W. 485.

We are concerned here with the application of the so-called parol evidence rule to the effect that parol evidence is not admissible to vary the terms of a written contract. The real question to be considered in cases of this kind is whether or not the writing in question was intended by the parties thereto to embody the entire transaction and so to constitute the sole evidence of the agreement entered into by them. In the language of Dean Wigmore, Were the jural acts of the parties embodied in a single memorial, so that all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of the contract? 5 Wigmore, Evidence (2d ed.) § 2425.

There is language used in some prior Wisconsin cases which would indicate that whether a writing amounts to an integration of the entire transaction must be determined solely from the writing itself. *Borchert v. Skidmore L. Co.* 168 Wis. 523, 171 N. W. 70; *John O'Brien L. Co. v. Wilkinson,* 117 Wis. 468, 94 N. W. 337; *Cliver v. Heil,* 95 Wis. 364, 70 N. W. 346; *Hei v. Heller,* 53 Wis. 415, 10 N. W. 620.

However, a careful analysis of these and other cases indicates that in considering whether or not the writing in question was intended by the parties to be an integration of the entire transaction, the subject matter and surrounding circumstances may and should be taken into consideration. In some cases like *John O'Brien L. Co. v. Wilkinson, supra,* this fact may appear from the consideration of the contract itself, but in *Borchert v. Skidmore L. Co., supra,* it appears only when taken in consideration with other facts and circumstances established in the case. In that case it appears from the land contract pursuant to which the deed in question had been issued. In *Cliver v. Heil, supra,* the contract was by its terms as written payable upon demand. It was therefore an integration of the transaction so far as it related to the date of payment and could not for that reason be contradicted; that is, a different time of payment could not be established by parol evidence. The law supplied the omission. *Hei v. Heller, supra,* is overruled by *Coyne v. Coyne,* 199 Wis. 263, 225 N. W. 138, 935.

In numerous Wisconsin cases it has been held that where applied to the subject matter with which the contract deals or where it appears from the surrounding facts and circumstances that the writing was not an integration of the entire transaction and was not intended by the parties to be such, parol evidence may be received to establish that part of the transaction which was permitted by the parties to remain in parol. Difficulty arises when an attempt is made to determine what constitutes the part of the transaction which was in fact reduced to writing. Dean Wigmore has laid down three tests: (1st) whether a particular subject of negotiation is embodied in the writing depends wholly upon the intent of the parties thereto; (2d) this intent must be sought in the conduct and language of the parties and in the surrounding circumstances; (3d) in deciding upon this intent, the chief and most satisfactory index for the judge is found

in the circumstance whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation. 5 Wigmore, Evidence (2d ed.) § 2430.

Without adopting these tests without qualification, a careful analysis of the Wisconsin cases will show, despite the fact that language may have been used occasionally which indicates the contrary, the Wisconsin cases conform to the standard indicated by them. Dean Wigmore aptly says:

"The document alone will not suffice. What it was intended to cover cannot be known until we know what there was to cover. The question being whether certain subjects of negotiation were intended to be covered, we must compare the writing and the negotiations before we can determine whether they were in fact covered. . . . Although in form the witnesses may be allowed to recite the facts, yet in truth the facts will be afterwards treated as immaterial and legally void, if the rule is held applicable. There is a preliminary question for the judge to decide as to the intent of the parties, and upon this he hears evidence on both sides; his decision here, *pro* or *con,* concerns merely this question preliminary to the ruling of law. If he decides that the transaction was covered by the writing, he does not decide that the excluded negotiations did not take place, but merely that *if* they did take place they are nevertheless legally immaterial. If he decides that the transaction was not intended to be covered by the writing, he does not decide that the negotiations did take place, but merely that *if* they did, they are legally effective, and he then leaves to the jury the determination of fact whether they did take place." 5 Wigmore, Evidence (2d ed.) p. 308, § 2430 (2).

This is illustrated in *Coyne v. Coyne, supra.* Here the question was whether the court should receive parol evidence to prove that the consideration recited in a deed of

real property was intended to cover personal property. The court said (p. 268) :

"It appears without conflict that the agreement must have covered the personal property as well as the real estate, because the possession and control of the personal property was transferred to the plaintiff at the same time that the possession of the farm was given to him. The proof received did not vary or contradict the terms of the written contract. It supplied the proof to establish a portion of the contract which the parties had left in parol."

In *Lathrop v. Humble,* 120 Wis. 331, 97 N. W. 905, a similar situation existed. In *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681, the fact that the transaction between the parties was not fully integrated was made to appear by evidence extraneous to the document.

In this case the entire transaction appears without dispute. Having reference to that transaction, it is apparent that the document in question did not and was not intended to embody the entire transaction. The terms of sale were not referred to. So far as the document is a receipt it is according to all authorities open to explanation. It is the contention of the plaintiff that as a part of the consideration for the payment of the $2,000 the bank agreed to repurchase the mortgage any time she wished her money. Permitting proof of that fact in no way modifies, varies, or contradicts the obligation of the parties as disclosed by the receipt or contract if it be so called. It simply permits proof of that part of the transaction which the parties permitted to remain in parol and which they in no way attempted to reduce to writing, nor does the law in this as in some cases supply the omission.

In *John O'Brien L. Co. v. Wilkinson, supra,* it was held that under the terms of the contract as written it was the duty of the defendants to procure the necessary cars for the shipment of the logs in question. It was therefore not open to the defendants to show by parol evidence that there was a

prior or contemporaneous agreement that the plaintiff should supply the cars even though there was no language in the contract itself relating to cars. The defendant having contracted to cut and deliver the logs, as a matter of law it was its duty to furnish the means of accomplishing its contract. It was not open to the parties to establish by parol evidence parts of the transaction which were in fact covered by the writing even though the terms arose by necessary legal implication rather than by direct statement.

Applying these rules to the document in question, it is apparent, there being no attempt to deal with the terms of sale, the evidence offered by the plaintiff was properly received to establish that part of the transaction not reduced to writing. We find no error.

*By the Court.*—Judgment affirmed.