FIRESTONE TIRE & RUBBER COMPANY, Respondent, vs. WERNER, Appellant.

*March 9—April 7, 1931.*

*Arthur H. Shoemaker* of Eau Claire, for the appellant.
For the respondent there was a brief by *Farr & MacLeod*
of Eau Claire, and oral argument by *Donald R. Farr*.

WICKHEM, J.   Appellant's first contention is that the tax
clause in the deed is plain and unambiguous, and that the
court erred in admitting parol evidence of the agreement
between the parties to prorate the taxes.   It is of course
elementary that a prior or contemporaneous oral agreement
cannot be admitted to contradict or vary the terms of a
written instrument.   It is equally well established that where
a term of the contract is ambiguous, it is proper to receive
evidence to ascertain the sense in which the parties intended
to use the term.   There has never been any question in this
state as to the right of the court in such a situation to re-
ceive evidence of the circumstances under which the contract
was made, for the purpose of enabling the court to ascertain
the sense in which the ambiguous term was used.   *Johnson
v. Pugh,* 110 Wis. 167, 85 N. W. 641; *Newell v. New Hol-
stein Canning Co.* 119 Wis. 635, 97 N. W. 487; *Zielica v.*

*Worzalla,* 162 Wis. 603, 156 N. W. 623; *Lyman v. Babcock,* 40 Wis. 503. There has been some conflict in the cases as to whether this rule is broad enough to admit evidence of antecedent or contemporaneous oral agreements or conversations for purposes of interpretation. This conflict is noted and the cases are collected in *Burton v. Douglass,* 141 Wis. 110, 123 N. W. 631. In this case the court held, following the earlier case of *Ganson v. Madigan,* 15 Wis. 144, that such evidence is admissible. This view has been followed by the later cases and may be said to be the established rule in this state. *Klueter v. Joseph Schlitz B. Co.* 143 Wis. 347, 128 N. W. 43; *Hammond v. Capital City Mut. F. Ins. Co.* 151 Wis. 62, 138 N. W. 92; *Seitz v. Zukowski,* 194 Wis. 78, 215 N. W. 939; *Jones v. Holland Furnace Co.* 188 Wis. 394, 206 N. W. 57. The objection to permitting parties to show that a term having a clear, unequivocal meaning according to popular standards of speech was by mutual understanding given a meaning quite different from the popular standard, is that it tends to open the door to a violation of the rule against varying or contradicting the terms of a written contract. This objection certainly is not present when the term itself is capable of more than one meaning, and the evidence is addressed to ascertaining which of the two meanings was intended. In such a case there is no competition between the oral understanding and the terms of the contract.

In this case the ambiguity in the tax clause relates to the words "chargeable to said premises up to the date of this deed." It is contended by the appellant that since there were no taxes chargeable to the premises in 1929, until the assessment of that year, which was made after the date of the deed, and since the defendant had paid the 1928 taxes and all special assessments, he had fully discharged his obligation under the tax clause. This contention depends for its validity upon the assumption that the phrase "charge-

able to said premises up to the date of this deed" refers to taxes which were due or which constituted a lien or incumbrance on the premises at the date of the deed. On the other hand, it is claimed by the plaintiff that this phrase indicates an intention to prorate the taxes for the year 1929. The contention of the plaintiff is based partly upon the fact that the clause states that the grantor *shall pay,* indicating that the clause must refer to some tax not yet paid. The contention is also partly based upon the fact that since all taxes assessed or collectible up to the date of the deed had been paid, the only subject matter left for the clause to operate upon was the taxes of 1929.

We have concluded that this term is ambiguous, and that the court was entitled to examine the circumstances of the parties and to receive the oral understanding for the purpose of ascertaining the sense in which this phrase was intended to be used by the parties. The evidence admitted plainly justifies the conclusion of the trial court that the phrase in question was intended to obligate defendant to pay a proportionate share of the taxes for 1929.

The appellant next contends that the evidence is insufficient to establish the understanding contended for by the respondent. The evidence is that defendant visited the offices of plaintiff's counsel prior to the execution of the deed, and that he was there shown a telegram from plaintiff insisting upon the prorating of the taxes for the year 1929, and that he assented. There is also evidence that counsel for plaintiff dictated a telegram to the effect that defendant was agreeable to that demand, and that defendant himself took the telegram to the telegraph office for transmission to the plaintiff. We have concluded that this evidence is sufficient to warrant the construction given to this contract by the trial court.

*By the Court.*—Judgment affirmed.