WILL OF PAULSON: FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, Executor, Appellant, vs. JONES, Executor, Respondent.

*January 15—February 17, 1948.*

For the appellant there was a brief by *Benson, Butchart, Haley & Benson* of Racine, and oral argument by *Donald A. Butchart.*

For the respondent there was a brief by *Gittings, Janecky & Buelow* of Racine, and oral argument by *Earl F. Buelow.*

FAIRCHILD, J. The demurrer to the claim of the respondent should have been sustained. The claim upon its face does not state facts sufficient to constitute a cause of action. In order to prevail, the claimant must have a valid contract entitling her to almost the entire estate. To be valid, the contract, since it would pass an interest in land, would have to be in writing to comply with the statute of frauds, sec. 240.08, Stats. 1939. It would be one of those contracts which, in order to be valid, must exist in a note or memorandum, expressing the consideration and subscribed by the party charged therewith. To be valid it would also have to comply with sec. 241.02 (3), Stats. 1939. That statute requires that agreements in consideration of marriage be in writing. Its purpose is to prevent claims that might be prompted by selfish desires from arising after the death of the contracting party. Admittedly, the agreement upon which the widow based her claim to the bulk of the estate was not in writing. But it is alleged that the execution of the written antenuptial agreement and of Paul Paulson's 1939 will amounted to full performance of the oral contract. It is urged that this performance takes the oral contract out of the statute of frauds and complies with sec. 240.09, Stats. 1939. If that were true, the complaint would be sufficient to state a cause of action.

However, the written antenuptial agreement does not or. its face appear to be made pursuant to the alleged oral agreement. The written antenuptial agreement is in itself a valid contract. It makes no reference to any previous oral agreement. In fact, it expressly excludes the claimant from having that which

she now seeks—an interest in Paul Paulson's property. Her execution of the written antenuptial agreement amounted to the widow's signing a complete waiver and foregoing all claim to any and all of the property referred to. That is a sufficient and effective bar to any further claim on her part.

In spite of the fact that the written antenuptial agreement is in its terms contrary to the oral agreement, in performance of which it was allegedly executed, it is alleged that the consideration for the widow's signing the written agreement was the oral promise of Paul Paulson to devise and bequeath the bulk of his property to her. This allegation is inconsistent with the terms of the written agreement. That agreement expressly stipulated what the consideration was, and no mention was made of Paul Paulson's will. The widow or the executor of her estate under the parol-evidence rule could not be allowed to set up an inconsistent oral agreement, the subject matter of which is covered by a written contract made after the oral agreement. When we examine the promises set forth in the written agreement and the allegations now presented by claimant, it appears that they cover the identical subject matter and are inconsistent; that is, the oral agreement supposedly promised a performance different from that contracted for in the written agreement. Therefore that oral agreement is not susceptible of proof and has no legal existence, being as a matter of law merged in the written contract. *Beers v. Atlas Assurance Co.* (1934) 215 Wis. 165, 253 N. W. 584. The rule is stated as follows in 3 Jones, Commentaries on Evidence (2d ed.), p. 2699, sec. 1484: "All conversations and parol agreements between the parties prior to a written agreement are so merged therein that they cannot be given in evidence for the purpose of changing the contract or showing an intention or understanding different from that expressed in the written agreement." As long as the respondent could not be allowed to show that the written agreement was made in consideration of an inconsistent oral agreement concerning subject matter

expressly covered by the written agreement, the amended claim does not state facts which constitute a cause of action.

With all that the pleadings reveal of what transpired here, it is clear that there is a valid written antenuptial agreement. The written contract existing and undisturbed is controlling. It is not incomplete, and on its face is certain as applied to the subject matter and states the entire agreement.

Since the order overruling the demurrer must therefore be reversed, it necessarily follows that the order allowing the executor of the widow's estate to further amend the complaint must also be reversed.

*By the Court.*—Orders reversed. Cause remanded with directions to sustain the demurrer.