WILL OF PAULSON: JONES, Appellant, vs. FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, Respondent.

*January 19—February 15, 1949.*

For the appellant there was a brief by *Beck & DuRocher* of Racine, and oral argument by *Howard J. DuRocher.*

For the respondent there was a brief by *Benson, Butchart, Haley & Benson* of Racine, and oral argument by *Donald A. Butchart*.

FAIRCHILD, J. The prenuptial agreement which the parties made was a valid and binding contract. *Will of Paulson*, 252 Wis. 161, 31 N. W. (2d) 182. In view of the later provisions for the widow in the will it is necessary to determine the intent of the parties when they made the prenuptial contract. The provisions of the agreement, itself, show the intent very clearly. It provided in part that the widow would accept it ". . . in lieu, bargain and satisfaction of and for all homestead, dower and thirds at the common law, or by force of any statute, custom or otherwise which she, said Martha Jones, could or might under any circumstances whatever otherwise have claimed or have been entitled to or out of all or any of the messuages, lands, tenements and hereditaments whatsoever of which he, said Paul Paulson, now is or may, during said coverture, be seized for any estate or inheritance, or for other dowable estate or interest whatsoever." It is evident that the widow expressly gave up any right to the statutory allowance.

Appellant admits the validity of the contract but contends that by the provision made in the will for Martha Paulson, she was thereby given the right to elect between that and the provision made for her by law. His reasoning is that because testator mentioned the prenuptial agreement in the will and said that "nevertheless, it is my request that she share in my estate," etc., he waived the agreement.

A valid antenuptial agreement is not affected by a party thereto giving by a last will something out of his estate to the other party to the agreement. The agreement continues effective, and a bequest such as made in this instance does nothing more than favor the devisee to the extent provided in the will. *Bibelhausen v. Bibelhausen*, 159 Wis. 365, 150

N. W. 516; *Wellington v. Rugg*, 243 Mass. 30, 136 N. E. 831; 2 Black, Rescission and Cancellation (2d ed.), p. 984, sec. 368.

It seems obvious that the provision in the will cannot destroy the prenuptial agreement. Its effect is just that intended by the testator: To give his widow something in his will regardless of the fact that she had given up all right to it. Having no right to the statutory allowance she can make no claim to it. The doctrine of election originates in inconsistent or alternative gifts with the intention either expressed or implied that one shall be the substitute for the other. 1 Pomeroy, Eq. Jur. (4th ed.), p. 877, sec. 461; 4 Page, Wills (lifetime ed.), p. 2, sec. 1346.

*By the Court.*—Order affirmed.