TOUCHETT, Appellant, vs. E Z PAINTR CORPORATION, Respondent.

*January 11—February 8, 1955.*

636

637

638

640

641

For the appellant there was a brief and oral argument by *Jerold E. Murphy* of Fond du Lac.

For the respondent there was a brief and oral argument by *Nicholas J. Lesselyoung* and *John P. McGalloway,* both of Fond du Lac.

FAIRCHILD, C. J.   This appeal brings us two issues or questions.   The problems to be solved are first whether or not parol evidence is admissible on the part of the plaintiff to show that there was an agreement between him and the defendant whereby he was to have the exclusive right to manufacture the articles covered by his patents which he had licensed to the defendant to sell.   The second question is: Are the findings, conclusions of law, and judgment entered in the suit for reformation of the contract *res judicata* (*Touchett v. E Z Paintr Corp.* 263 Wis. 626, 58 N. W. (2d) 448, 59 N. W. (2d) 433) as to plaintiff's presently claimed cause of action for damages for breach of contract.

The first two allegations of plaintiff's third cause of action for breach of contract are to the effect that it is part of the contract that the defendant was to go out of the manufacturing business and become a sales agency only.   Plainly the written agreement does not so provide, and that claim is inconsistent with and contrary to the stipulation in the contract. Paragraph 5 (b) of the written agreement, set forth in the statement of facts, provides that there shall be a provision in the royalty agreement "precluding Touchett from manufacturing or selling, or causing the manufacture or sale, of any of the items covered by the patents . . . provided only that Touchett shall be entitled to manufacture such items upon the request and order of the corporation." There is in the record of the trial upon the question of reformation of the contract a submission of the same terms and items, and they were there passed upon and denied.

The rule as to when parol testimony is admissible to establish that a written agreement does not contain an entire contract between the parties, and that the essential portion thereof rests in parol is pointed out in the case of *Scarne's Challenge, Inc., v. M. D. Orum Co.* 267 Wis. 134, 142, 64 N. W. (2d) 836. In that case, the rule recognized as controlling is that if the particular element of the contract which is claimed to rest in parol is mentioned in the writing itself, " 'then presumably the writing was meant to represent all of the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation. 5 Wigmore, Evidence (2d ed.), sec. 2430,' " quoting from *Danielson v. Bank of Scandinavia,* 201 Wis. 392, 399, 230 N. W. 83, 70 A. L. R. 746. Here the agreement of October 23, 1948, touches upon the subject of manufacturing, but it provides that plaintiff was to license the defendant corporation to manufacture under the patents, and it provides that the plaintiff is prohibited from manufacturing any of the items covered by the patents except upon the request and order of the defendant corporation. Because of the rule with relation to integration of contracts, parol evidence would not be admissible to show that there was a verbal agreement between these parties under which plaintiff was to have the exclusive rights of manufacturing, and he is without grounds on which to base his claim.

It becomes unnecessary to treat with the question of *res judicata.*

The matters of the sale to plaintiff of E Z Paintr of Sarnia, Canada, by defendant, and of the failure of defendant to deliver to him the machinery, raw materials, and goods in process are matters which were not adjudicated by the judgment in the reformation action. They are matters in which the trial court properly recognized the plaintiff's right to press separate causes of action as to them.

*By the Court.*—Judgment affirmed.