CONRAD MILWAUKEE CORPORATION, Appellant, v.
WASILEWSKI, Respondent.

*March 1—April 12, 1966.*

482

For the appellant there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Roger C. Minahan, Richard P. Buellesbach,* and *Richard C. Ninneman* of counsel, all of Milwaukee, and oral argument by *Mr. Roger C. Minahan* and *Mr. Ninneman.*

For the respondent there was a brief by *John B. Nichols,* attorney, and *Thomas J. Bergen* of counsel, both of Milwaukee, and oral argument by *Mr. Bergen.*

HALLOWS, J. The plaintiff contends time is of the essence in respect to the expiration date of the option to purchase contained in the lease and such option expired before the defendant attempted to exercise it. It is further contended the option is expressed in unambiguous language and the expiration date cannot be modified by other documents or by oral testimony because of the parol-evidence rule and because such evidence would modify an essential term of an agreement required to be in writing by the statute of frauds.

The defendant argues time is not of the essence of the option because it is a part of the lease and thus the twelve-day delay was not important; and alternatively, when the option to purchase is read with the other parts of the lease and with the application for the lease, it must be construed as providing a period of ninety-days' occupancy as a condition precedent to the expiration of the option. On this latter point the defendant's position is twofold: (1) That construing all these written documents together is not a violation of the parol-evidence rule because they constitute the agreement of the parties and (2) if the option alone is the agreement, it is ambiguous and the other documents and oral evidence are needed and are admissible to clarify it. Under these theories, the defendant contends there is no violation of the statute of frauds, sec. 240.08, Stats., or of the parol-evidence rule. While somewhat inconsistent with his answer, the defendant also argues he is not offering any oral evidence as distinguished from the documents to clarify the ambiguity. As we read the trial court's opinion, it agreed with the defendant's theory that oral testimony was admissible to show the intention of the parties in respect to the option.

First, we think an offer to ripen into a contract must be accepted within the time limit expressed in the offer and it makes no difference whether or not this is ex-

pressly so stated or whether the offer is a part of a lease or other written document or stands alone as a "pure offer." This proposition of law is no longer open to doubt or debate. We held in *Megal v. Kohlhardt* (1960), 11 Wis. (2d) 70, 103 N. W. (2d) 892, that time was of the essence in an option and the acceptance was to be made within the time limit prescribed; otherwise, the rights of the optionee expire without notice or declaration of forfeiture. See *Mueller v. Nortmann* (1903), 116 Wis. 468, 93 N. W. 538; 55 Am. Jur., Vendor and Purchaser, p. 509, sec. 40; 51 C. J. S., Landlord and Tenant, p. 643, sec. 84 b. The attempted distinction made by the defendant that *Megal* does not control this case because it involved the pure-offer option is without merit. *Hafemann v. Korinek* (1954), 266 Wis. 450, 63 N. W. (2d) 835; 3 Thompson, Real Property (1959 replacement), p. 578, sec. 1153. 6 Williston, Contracts (3d ed.), p. 211, sec. 853, states that time is of the essence of an option and this is true with a pure-offer option or whether embodied in another contract.

In his second argument the defendant contends the option, lease and the application for the lease must all be read together as contemporaneous documents to ascertain the intention of the parties. The lease is dated August 17, 1964, and provides for a term of two years but its commencement date is left a blank. Typewritten on the first page of the lease is the option. There is nothing in the lease other than its date, term, rental, unit-ownership paragraph and the omission of a commencement date which has any bearing on the option except the description of apartment "Unit No. 17 2 br (F)." The application states the rent is $280 a month which is to start the first of the month and the tenant "will move in March 1, 1965," but nowhere does the plaintiff agree that occupancy will be delivered on March 1st. This is understandable since the building was under construction.

We think the option is embodied in the lease sufficiently to be a part thereof and it may be construed in

the light of the other terms of the lease. However, the application is not a part of the option even though it is a contemporaneous document. We find no intention of the parties that the application and option constitute the agreement of the parties because there is no express internal connection or reference of incorporation between the contemporaneous documents. *Martell v. National Guardian Life Ins. Co.* (1965), 27 Wis. (2d) 164, 133 N. W. (2d) 721.

It is further contended by the defendant that the option is ambiguous when read in its entirety because it provides for credit on the purchase price of the monthly rental payments paid prior to exercising the option and this can only mean he was entitled to more than one month's occupancy. Since the lease is silent as to the date of occupancy, resort must be had to the application to clarify this ambiguity of the option. The defendant then reasons that by reading the application together with the lease and option, it is plain that the parties intended the defendant to have a three months' period of occupancy to live in the apartment before exercising his option to purchase. We do not agree. First, while June 1st is obviously three months later than March 1st, we find no express condition in these instruments that June 1st was determined in reference to March 1st or was dependent upon actual occupancy on March 1st or that three months' occupancy was a condition precedent to the expiration of the option. Second, the date of the expiration of the option is not ambiguous and is not made so by the language crediting rental payments on the purchase price. We fear the defendant puts too much faith on the plural of the word "payments."

A word or term in a contract to be ambiguous must have some stretch in it—some capacity to connote more than one meaning—before parol evidence is admissible. The date "June 1, 1965" does not have that quality. But it is argued that June 1st does not mean June 1st literally but "ninety days after occupancy is given." Any evi-

dence, whether documentary or oral, which would change June 1, 1965, to some other date corresponding to ninety days after actual occupancy would vary that term of the option and be in violation of the parol-evidence rule.

The parol-evidence rule is not so much the rule of evidence as the rule of substantive law and requires the court to disregard such evidence even if it gets into the record without objection. *Morn v. Schalk* (1961), 14 Wis. (2d) 307, 111 N. W. (2d) 80. Oral testimony to be admissible under the parol-evidence rule must clarify an existing ambiguity and cannot establish an understanding in variance with the terms of the written document. *Firestone Tire & Rubber Co. v. Werner* (1931), 204 Wis. 306, 236 N. W. 118; *August Brandt & Co. v. Verhagen* (1915), 161 Wis. 3, 152 N. W. 448. If oral testimony is offered as a part of the entire agreement, then the oral part of the agreement cannot contradict the written part. *Will of Paulson* (1948), 252 Wis. 161, 31 N. W. (2d) 182; *Hannon v. Kelly* (1914), 156 Wis. 509, 146 N. W. 512; 2 Jones Evidence (5th ed.), pp. 887, 888, sec. 466. The ambiguity complained of by the defendant arises by resort to oral testimony to create it rather than to clarify an ambiguity existing in a written option.

We briefly consider the plaintiff's argument that an oral modification of the expiration date of the option would render the contract void under the statute of frauds, sec. 240.08, Stats. The gist of this argument is that a memorandum which complies with the statute of frauds on its face cannot be changed in its essential terms by oral agreement and still qualify as a memorandum required by the statute. We think this is a correct statement of law. *Borkin v. Alexander* (1965), 26 Wis. (2d) 432, 132 N. W. (2d) 587; *Schaap v. Wolf* (1921), 173 Wis. 351, 181 N. W. 214. However, this is not to say that a memorandum sufficient under the statute of frauds if ambiguous might not be made certain by parol evidence without losing its validity as a memorandum. On page

19 of his brief the defendant argues these cases are not applicable because there was no specific oral agreement subsequent to or prior to the execution of the lease, the option agreement and the application. If we read the brief correctly, the defendant is not now relying on any oral testimony of the parties and is submitting his case solely upon the written instruments which we do not construe as meaning what the defendant contends they mean.

Defendant argues the plaintiff is estopped from raising the defendant's tardiness in exercising the option because he was responsible for it. This argument is another variation of the basic argument that three months' occupancy was a condition precedent to the expiration of the option. The defendant also argues he has partly performed, relying on the option, because he in good faith moved into the premises, made certain purchases of furnishings for the apartment and would suffer a tax loss if not allowed to exercise the option. Cases relating to the doctrine of part performance to take an oral contract out of the statute of frauds are not in point. In addition, the acts of the defendant are referable as much to the tenancy as to the option of purchase and in any event part performance is not the equivalent of or a substitute for the timely acceptance of the offer.

We conclude the trial court was in error in holding the answer stated a defense and its holding must be reversed.

*By the Court.*—The order is reversed, with directions to enter an order sustaining the plaintiff's demurrer.