19939

Juanita A. CONRAN, Respondent, v. Karl K. YAGER, Appellant
(211 S. E. (2d) 228)

*Messrs. Holland, Furman, Tetterton & Groom,* of Camden, *for Appellant,*

*Messrs. Davis and Brandon,* of Columbia, *for Respondent,*

January 9, 1975.

NESS, Justice:

Appellant (defendant below) appeals from the lower court's granting of summary judgment in the respondent's

suit on a note. We conclude that the circuit court providently granted the motion for summary judgment as there were no material issues in dispute and under the facts presented by the respondent he was entitled to judgment as a matter of law. *Cisson v. Pickens Savings & Loan Association,* 258 S. C. 37, 186 S. E. (2d) 822, and *Garrett v. Reese,* 262 S. C. 327, 204 S. E. (2d) 432. Accordingly, the judgment entered below is affirmed.

The respondent-plaintiff and the appellant-defendant on or about June 25, 1972, entered into a contract wherein the appellant agreed to purchase a house and lot from the respondent for a total purchase price of Ninety Thousand ($90,000.00) Dollars.

When the sale was closed the appellant delivered to respondent, as part of the purchase price, his note for Five Thousand ($5,000.00) Dollars, payable on August 17, 1973, with interest.

This action was instituted by the respondent for the collection of the said note, together with interest and attorney's fees. In his answer the appellant plead a general denial and counterclaimed for Seven Thousand Five Hundred ($7.-500.00) Dollars said counterclaim posited on the failure of the respondent to remedy certain defects in the house pursuant to an alleged oral agreement by which appellant contends respondent was obligated to correct the alleged defects. The respondent replied to the counterclaim denying any such oral agreement and alleging that the house and lot were sold in an: "as is" condition and attached a written copy of the contract of sale as an exhibit.

Appellant initially contends that the lower court erred in granting the motion for summary judgment as the motion was based on the bare pleadings with the note and the contract of sale as the only exhibits. He assails the respondent's motion for failure to attach affidavits, depositions or other sworn testimony or verified pleadings in support of same. In opposition to the motion appel-

lant relied exclusively on his pleadings. Circuit Court Rule 44, in pertinent part provides that a party seeking summary judgment may "move with or without supporting affidavits . . .". Thus, appellant's contention that the motion was defective for failure to comply with Rule 44, is, by the very terms of the Rule, without merit. Additionally, it is the appellant who failed to comply with the summary judgment rule.

"Where the appellant relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under this rule, to grant summary judgment, if, under the facts presented by the respondent, he was entitled to judgment as a matter of law." *Cisson v. Pickens Savings & Loan Association,* 258 S. C. 37, 186 S. E. (2d) 822. *Garrett v. Reese, supra,* 262 S. C. at 329, 204 S. E. (2d) at 433.

The appellant's first defense, a general denial, while effective in an action on a simple contract is unavailing in an action on a note where the note is attached to the complaint. Section 10.3-307 of the Code provides as follows:

"(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue

"(a) the burden of establishing it is on the party claiming under the signature; but

"(b) the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required.

"(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.

"(3) After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden

of establishing that he or some person under whom he claims is in all respects a holder in due course."

The appellant concedes the existence of the note in the "statement of facts" prefacing his brief. "At the closing, the appellant delivered to the respondent his note in the amount of Five Thousand ($5,000.00) Dollars, as a portion of the purchase price; said note being dated on August 17, 1972, and was payable within one year with interest as accumulated at the rate of seven (7%) percent per annum." As the appellant has raised no question as to the genuineness of his signature, the respondent's production of the note, and the appellant's concession as to the amount due, entitled him to "recover on it" pursuant to Section 10.3-307(2).

Finally, appellant excepts to the lower court's granting of summary judgment to the respondent as to appellant's counterclaim. The lower court based its order of summary judgment as to the counterclaim on the grounds that the alleged oral agreement contravened the Statute of Frauds and further that any testimony as to the existence of an oral agreement would be excluded by the parol evidence rule. Thus, concluding that no material issue of fact existed and that the respondent was entitled to judgment as a matter of law the motion was granted. We agree.

The respondent attached to its reply a copy of the contract of sale which included the following apposite terms. "No agreements not contained herein are to be binding upon either party without the written consent of both parties." Further, "it is understood and agreed that the property is to be sold in its present condition with the specific stipulation that the seller will: (there follows a listing of six conditions none of which the appellant contends were breached by the respondent.)"

While Article 2, of the Uniform Commercial Code is inapplicable to real estate sales, the Code's sanction of such warranty exclusion language as are contained in "as is" and "in its present condition" clauses is persuasive to this

Court. See Section 10.2-316(3)(a) and Reporter's Comment 7.

We also find persuasive the South Carolina Reporter's Comments to Sections 10.2-202 and 10.2-316 which restate the common law parol evidence rule that such oral evidence of consistent additional terms to a written contract are admissible unless the written agreement is by explicit terms an integrated one including on its face supplementary agreements. Here, the contract of sale is an integrated agreement excluding additional terms "without the written consent of the parties." Appellant has not alleged the existence of such written consent to additional terms and therefore, no material issue of fact existed and the respondent was entitled to judgment. See *J. B. Colt Company v. Britt*, 129 S. C. 226, 123 S. E. 845.

The motions for summary judgment were both properly granted.

Affirmed.

Moss, C. J., BUSSEY and LITTLEJOHN, JJ., concur.