PRODUCTION CREDIT ASSOCIATION OF GREEN BAY, Respondent, v. FRANCIS GENE ROSNER, a/k/a Gene Rosner, and wife, Defendants: HARVEY ROSNER and wife, Appellants.

*No. 75–208. Argued May 2, 1977.—Decided June 14, 1977.*
(Also reported in 255 N.W.2d 79.)

546

For the appellants there was a brief by *Howard W. Eslien* and *Eslien, Jeske & Eslien,* and oral argument by *Howard W. Eslien,* all of Oconto Falls.

For the respondent there was a brief and oral argument by *C. J. Stodola* of Green Bay.

ROBERT W. HANSEN, J.   This is an action on a mortgage secured note executed July 29, 1969.  The issue on this appeal is whether the parol evidence rule bars admission of testimony by defendant Harvey Rosner that he was told by an employee of plaintiff that he would not be responsible for obligations of his brother, Francis Gene Rosner, under the note of July 20, 1967. This note represented both the consolidation of all previous indebtedness of the two brothers, singly and jointly, and the loan of approximately $22,000.

This court has recent defined the parol evidence rule as follows: "When the parties to a contract embody their agreement in writing and intend the writing to be the final expression of their agreement, the terms of the writing may not be varied or contradicted by evidence of any prior written or oral agreement in the absence of fraud, duress, or mutual mistake." [1]

In the *Federal Deposit Case,* this court had before it a situation in which the comakers of a note agreed that there was an unwritten agreement that First Mortgage Investors keep a compensating balance on deposit in the bank.   Additionally, the note involved there lacked a

---

[1] *Fed. Deposit Ins. Corp. v. First Mortg. Investors,* 76 Wis.2d 151, 156, 250 N.W.2d 362 (1977), citing 3 *Corbin on Contracts,* sec. 573 (1960), which states the rule as follows: "When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." *See also: Bunbury v. Krauss,* 41 Wis.2d 522, 528, 529, 164 N.W.2d 473 (1969).

term which is generally found in a negotiable instrument, namely the interest rate. Since the parties in *Federal Deposit* agreed the note did not contain reference to two agreed-upon provisions—interest and collateral—this court held the trial court had erred in not taking evidence "to determine if the parties actually assented to the note—admittedly only part of the agreement—as a superceding document."[2] In *Federal Deposit* where the gap as to interest was apparent on the face of the note, and the parties agreed that there was a contemporaneous oral agreement as to collateral, it was apparent and undisputed that the written note was "incomplete in that only part of the agreement ha[d] been reduced to writing,"[3] the parties having "reduced some provisions to written form and left others unwritten."[4]

In permitting parol evidence to complete such apparently and admittedly incomplete agreement as partially set forth in the note, *Federal Deposit* held parol evidence could be admitted to complete the unfinished undertaking, but not to vary or alter the terms of the written agreement, quoting from an earlier case:

"[W]hen a writing is shown to be only a partial integration of the agreement reached by the parties, it is proper to consider parol evidence which establishes the full agreement, *subject to the limitation that such parol evidence does not conflict with the part that has been integrated in writing.*"[5]

The importance of the limitation, emphasized above, is made clear in the *Morn* decision by this added holding:

"Therefore, even if, without objection, parol evidence of the intention of the parties to a written contract, which conflicts with the express provisions of such contract, gets into the record, the court must disregard it."[6]

---

[2] *Id.* at 163.
[3] *Id.* at 157.
[4] *Id.* at 157.
[5] *Morn v. Schalk*, 14 Wis.2d 307, 314, 111 N.W.2d 80 (1961).
[6] *Id.* at 315.

Thus it is clear and this court has repeatedly held, that oral testimony, to be admissible under the parol evidence rule ". . . must clarify an existing ambiguity and cannot establish an understanding in variance with the terms of the written document."[7] If the oral testimony is offered as a part of the entire agreement, "then the oral part of the agreement cannot contradict the written part."[8] The ambiguity complained of is not to arise "by resort to oral testimony to create it," but instead must be offered and limited to help "clarify an ambiguity existing in a written option."[9]

In the case before us, there is no ambiguity or incompleteness in the mortgage note executed by the parties. Nonetheless, the defendants seek to introduce testimony of a conversation with an employee of plaintiff to contradict and change the clear and unambiguous provisions of the written agreement. Since the conversation relied upon allegedly occurred two years prior to execution of the note involved—that is, in connection with the execution of an earlier note between the parties—we see no basis for an issue as to lack of assent, and find no claim of such.[10] Here we have only a claim of a right

[7] *Conrad Milwaukee Corp. v. Wasilewski,* 30 Wis.2d 481, 488, 141 N.W.2d 140 (1966), citing *Firestone Tire & Rubber Co. v. Werner,* 204 Wis. 306, 236 N.W. 118 (1931); *August Brandt & Co. v. Verhagen,* 161 Wis. 3, 152 N.W. 448 (1915).

[8] *Id.* at 488, citing *Will of Paulson,* 252 Wis. 161, 31 N.W.2d 182 (1948); *Hannon v. Kelly,* 156 Wis. 509, 146 N.W.2d 512 (1914); 2 Jones, *Evidence* (5th ed.), pages 887, 888, sec. 466.

[9] *Id.* at 488.

[10] *See: Bunbury v. Krauss, supra,* n. 1, at 529, this court upholding the trial court holding that the written contract of the parties was not assented to, agreeing with the trial judge that ". . . the parties did not assent to the land contract as the complete and accurate 'integration' of the contract."

to vary the terms of a mortgage note, complete on its face, by introduction of parol evidence that, under any view, would "conflict with the part that has been integrated in writing."[11] That is exactly what the *Morn* holding, as quoted in *Federal Deposit*, interdicts.

As made clear in the recent *Federal Deposit Case*, the parol evidence rule has its defenders and its critics.[12] The defenders see the exclusion of parol evidence offered to vary the terms of a written document as operating to "preserve the integrity and reliability of written contracts, to reduce the opportunity for perjury and to prevent unsophisticated jurors from being misled by false or conflicting testimony."[13] Critics view the rule as causing injustices "because it allows a party to avoid a legal obligation which he accepted during the negotiation process."[14]

The dispute as to the appropriate public policy is not for us to resolve. Arguments for repeal or retention of the parol evidence rule are to be addressed to the legislature, not the courts. Our court has, more than once, made clear that "[t]he parol-evidence rule is not so much the rule of evidence as the rule of substantive law. . . ."[15]

Thus, under the law in this state as it long has been, under the law as it was at the time of the execution of the mortgage note here involved, and under the law as it will continue to be unless or until the legislature elects to change it, we hold that parol evidence was not, in this case and under these circumstances, admissible to vary

---

[11] *Morn v. Schalk, supra,* n. 5, at 314.

[12] *Fed. Deposit Ins. Corp. v. First Mortg. Investors, supra,* n. 1, at 156.

[13] *Id.* at 156.

[14] *Id.* at 156.

[15] *Conrad Milwaukee Corp. v. Wasilewski, supra,* n. 7, at 488, citing *Morn v. Schalk, supra,* n. 5.

or contradict express terms of the written agreement between the parties to this lawsuit.

As no more than a postscript, we affirm the ruling of the trial court that a letter sent by plaintiff to defendants, containing an offer or suggestion of compromise settlement as between the two Rosner brothers, was not admissible into evidence. Such mere offer, not accepted by the parties, was inadmissible under the provisions of sec. 904.08, Stats.[16] Defendants' liability on the note was in no way affected by a suggestion for settlement not agreed to by the parties.

*By the Court.*—Judgment affirmed.

ABRAHAMSON, J. *(dissenting).* The parol evidence rule is applicable to bar prior written or oral agreements varying or contradicting a subsequent written agreement if the subsequent written agreement is intended by the parties to be the final expression of the agreement. (For a complete statement of the rule see note 1 of the majority opinion.) Thus when a party invokes the parol evidence rule the first step the trial court must take is to determine whether the parties intended the written agreement to be a final, total or partial, integrated agreement, or whether they intended any prior agreements to be part of their total agreement. *Federal Deposit Ins. Corp. v. First Mortg. Investors,* 76 Wis.2d 151, 157, 250 N.W.2d 362 (1977). Relevant parol evidence is always admissible on the issue of "integration."

---

[16] Sec. 904.08, Stats., entitled *Compromise and offers to compromise,* providing: "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. . . ."

". . . Parol evidence is always admissible with respect to the issue of integration, that is, parol evidence is admissible to show whether the parties intended to assent to the writing as the final and complete (or partial) statement of their agreement. *Danielson v. Bank of Scandinavia,* 201 Wis. 392, 398, 230 N.W. 83 (1930) ; *Scarne's Challenge, Inc. v. M. D. Orum Co.,* 267 Wis. 134, 142, 64 N.W.2d 836 (1954) ; *Touchett v. E Z Paintr Corp.,* 268 Wis. 635, 643, 68 N.W.2d 442 (1955) ; *Johnson Hill's Press v. Nasco Industries,* 33 Wis.2d 545, 550, 148 N.W.2d 9 (1967) ; Restatement of Contracts (second), secs. 235(2), 240 (Tent. Draft 1973)." *Federal Deposit Ins. Corp. v. First Mortgage Investors,* 76 Wis.2d at 158.

In the case at bar, the trial court assumed away the threshold question, namely whether the parties assented to the writing as the final, partial or complete, integrated agreement, and held that since the agreement on its face appeared complete and unambiguous, testimony of a party as to other terms of the agreement was inadmissible. [1]

[1] The trial court applied the parol evidence rule as follows:

"The determination of the controversy as to Harvey Rosner depends almost exclusively upon application of the parol evidence rule. I permitted Harvey Rosner to tell his story and indicated I would receive it subject to the objection and that I had serious reservations as to the propriety of such testimony and further expressed the opinion that if this were a jury case I would refuse admission into evidence of all of such testimony.

"It is basic that parol evidence is inadmissible to vary, alter or contradict a written instrument when the instrument is complete, unambiguous and valid and where there is no fraud, accident, mistake or claim or allegation thereof with respect to the instrument. This is supported by a myriad of cases in Wisconsin, and most recently in the case of *Tucker v. La Count,* decided November 26, 1974. Parol evidence may be admissible to prove a condition precedent to the taking effect of the instrument, and it may also be admitted to prove a novation after the execution of the instrument.

"No such condition or claim is made here. . . .

"At the trial, Harvey Rosner endeavored to show that at some time he inquired what he could become liable to for signing the

The majority opinion also glosses over the first step of the process, although the majority recognizes that parol evidence can be introduced to show that the parties did not assent to the writing as a partial or complete integration of the agreement.[2]

note combining the obligations of these two brothers and claimed that he was assured that his signature would not make him personally liable for that part of the indebtedness which came from prior notes signed by Gene Rosner and wife.

"...

"In his brief, counsel for Harvey Rosner talks about justice and equity and fairness. The parol evidence rule is an ancient rule of law designed to protect the integrity of written, signed instruments. *When a person signs an instrument, he must accept the fact that the instrument contains the entire agreement.* Otherwise, no person afterwards dealing with that instrument could ever rely upon the terms of it.

"The maker should not at that point be able to attempt to avoid payment by introducing a whole new element or elements into the situation. It would be manifestly unfair for a person to claim that an instrument which he signed and is charged with understanding, in fact doesn't mean what it says it does—it means something entirely different. Thus, no person would ever be safe in purchasing or acquiring any such instrument and relying upon the terms of it. Thus, I am sure that justice and equity and fairness are on the side of the parol evidence rule.

"*The note itself is clear and unambiguous on its fact* [sic] *and contains no restrictions or conditions of any kind.* I conclude, therefore, that none of the testimony offered by Harvey Rosner and on his behalf, which tends to vary or contradict the terms of the note, which is unambiguous on its face, is admissible in evidence. Harvey Rosner, therefore, is liable to the plaintiff in the full amount due on the July 29th, 1969, note, together with costs and disbursements." (Emphasis supplied.)

[2] The majority opinion states: "Since the conversation relied upon allegedly occurred two years prior to execution of the note involved—that is, in connection with the execution of an earlier note between the parties—we see no basis for an issue as to lack of assent, and find no claim of such.[10]"

"[10] *See: Bunbury v. Krauss, supra,* n. 1, at 529, this court upholding the trial court holding that the written contract of the parties was not assented to, agreeing with the trial judge that '. . . the parties did not assent to the land contract as the complete and accurate "integration" of the contract.'"

To the extent that the majority opinion implies that before oral testimony is admissible, an ambiguity or incompleteness must exist on the face of the writing and that mere inspection of the written document will reveal whether the agreement is partially or totally integrated, I would disagree with the majority. Whether the written agreement appears to the court to be complete is not the determinative factor. Note, *Warranties, Disclaimers & the Parol Evidence Rule,* 53 Colum. L. Rev. 858, 861–865 (1953). Whether the document embodies all of—or part of—the final agreement of the parties is a question for the trial court to decide on the basis of all the facts and circumstances.

In *Bunbury v. Krauss,* 41 Wis.2d 522, 528, 529, 164 N.W.2d 473 (1969), this court adopted Corbin's approach of requiring evidence to determine if the particular writing is an integration of the contract:

"It is stated thus in 3 Corbin, *Contracts,* p. 357, sec. 573:
" 'When two parties have made a contract and have expressed it in a writing to which they have both *assented* as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.' (Emphasis supplied.)
"Corbin, in the same paragraph of his text, points out that the parol evidence rule, as stated above, implies the existence of a written contract expressing the intent of the parties without any question of fraud or mistake, and to which the parties assent as a complete integration of their understanding.
"3 Corbin, pp. 359, 360, sec. 573, *supra,* states that on the following issues evidence, oral or written, may be submitted:
" '(1) Have the parties made a contract? (2) Is that contract void or voidable because of illegality, fraud, mis-

take, or any other reason? (3) Did the parties assent to a particular writing as the complete and accurate "integration" of that contract?

" 'In determining these issues, or any one of them, there is no "parol evidence rule" to be applied. On these issues, no relevant evidence, whether parol or otherwise, is excluded. No written document is sufficient, standing alone, to determine any one of them, however long and detailed it may be, however, formal, and however many may be the seals and signatures and assertions. No one of these issues can be determined by mere inspection of the written document.' "

In *Bunbury v. Krauss, supra,* the parties had executed a land contract providing for monthly payments of $217.50. There was no ambiguity or incompleteness on the face of the writing. The buyer attempted to show that the parties orally agreed in negotiations that the monthly payments would be $175. This court held the trial judge properly heard the parol evidence to determine whether the writing was assented to as the complete and accurate "integration" of the contract. This court upheld the trial judge's finding that the parties did not assent to the land contract as the complete and accurate integration of the contract.

"In the instant case the trial judge found as a fact that the parties did not assent to the land contract as the complete and accurate 'integration' of the contract.

"In his opinion he summarized the testimony of Florence Krauss pertinent to the question of whether the parties had ever assented to the terms of the written contract:

" 'In the instant case Miss Krauss testified flatly that at no time did she ever agree to make payments of Two Hundred Seventeen and 50/100 Dollars (217.50) per month. Her testimony was clear on this point for she stated that under the circumstances she and her brother could not possibly afford to pay more than One Hundred Seventy-five Dollars ($175.00) per month on the contract. She did indicate, however, that should

there be a profit from the farm operations then the payments might be increased to the Two Hundred Seventeen and 50/100 ($217.50) figure. It is undisputed that the farm operations were consistently in the red for each year from 1963 through 1966.

"In addition, defendants' attorney testified that at the closing, or immediately thereafter, Mr. Bunbury agreed to accept One Hundred Seventy-five Dollars ($175.00) per month until such time as the farm earnings could make up the difference.

" 'It seems obvious to this court that the parties did *not* assent to the land contract executed on December 17, 1962 as the complete and accurate "integration" of the contract.'

"Although the testimony is disputed, we cannot conclude that the trial court's finding that the land contract was not assented to is contrary to the great weight and clear preponderance of the evidence. 3 Corbin, page 366, *supra,* points out that when there is the assertion that a writing offered as a completely integrated contract was not assented to as an accurate or complete statement of agreed terms, the assertion may or may not be worthy of belief. Under the rules of this court, whether the evidence is credible is a question to be determined by the trier of the facts, in this case the circuit judge. In the event the trial judge gives credence to the testimony, as he did here, that the written contract was not assented to, and the testimony to that effect is not contrary to the great weight and clear preponderance of the evidence, the court's finding will be sustained, for, as 3 Corbin, page 366, *supra,* states, 'This is mainly a question for the trial court.' " *Bunbury v. Krauss, supra,* 41 Wis.2d at 529, 530.

The *Federal Deposit, Bunbury* and *Johnson Hill's Press Cases'* (33 Wis.2d 545, 148 N.W.2d 9 (1967)), interpretation and application of the parol evidence rule are supported by sec. 402.202, Stats., Wisconsin's enactment of the Uniform Commercial Code parol evidence rule in sales transactions.[3] While the Code

---

[3] Sec. 402.202, Stats.:

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing

section applies to a sales transaction, there is support for its application in other areas of the law. *Conran v. Yager,* 263 S.C. 417, 211 S.E.2d 228 (1975). As the Code indicates, only writings intended by the parties as a final expression of their agreement with respect to the written terms are covered by the parol evidence rule. The section abolishes the presumption, apparently relied on to some extent by the majority, that the writing is automatically the total and final expression of the parties' agreement.[4] *Michael Schiavone & Sons, Inc. v.*

intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:

"(1) By course of dealing or usage of trade (s. 401.205) or by course of performance (s. 402.208);

"(2) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

[4] The Official Comment to sec. 2–202 of the Uniform Commercial Code rejects the requirement that a condition precedent to the admission of evidence on finality and integration is a determination that the language used in the document is incomplete or ambiguous. 1 U.L.A., Uniform Commercial Code sec. 2–202, p. 178 (Master Ed. 1976).

Writers have observed that the Code provides no specific criteria for determining the question whether or not the writing is intended as a final expression of the agreement. *See* 1 Anderson, *Uniform Commercial Code,* p. 294, sec. 2–202:16 (2d Ed. 1970); 4 B.C. Ind. and Comm. L. Rev. 381, 393 (1963); Squillante, *The Rule of Construction of Contracts of Sale: Parol Evidence,* 78 Comm. L.J. 89 (1973).

One writer commented on sec. 2–202 as follows:

"In light of the confusion in the courts, it is regrettable that the Uniform Commercial Code, in its treatment of the Parol Evidence Rule, does not explicitly require the courts to hear all evidence relevant to the integration issue. Instead, Section 2–202 is hedged with vague phrases which give a court considerable latitude in interpretation. The Comments to Section 2–202, however, clearly indicate that the Code recognizes the proper status of the Parol

*Securalloy Co., Inc.*, 312 F. Supp, 801, 804 (D. Conn. 1970) ; *Fan-Gil Corp. v. American Hospital Supply Corp.*, 49 Mich. App. 106, 211 N.W.2d 561, 564 (1973); *Zwierzycki v. Owens*, 499 P.2d 996 (Wyo. 1972).

In *Federal Deposit,* we stated that notes are generally recognized as not being the complete agreement of the parties (76 Wis.2d at 158), and the parties in *Federal Deposit* agreed the note was an incomplete instrument. *Federal Deposit* cannot be read, however, as holding merely that parol evidence is admissible "to complete the unfinished undertaking, but not to vary or alter the terms of the written agreement." In *Federal Deposit* the note, by its terms, was payable on demand. The evidence at issue in the case related to an oral agreement establishing a date of repayment. The evidence in issue did not complete the unfinished document; it related to a term contained in the writing itself. The question in *Federal Deposit* was whether parol evidence was admissible to show that the note was not a "partial in-

---

Evidence Rule; they suggest that the court is to consider extrinsic evidence in determining whether the written contract is an integration. Furthermore the Code realizes that extrinsic evidence is essential to a proper interpretation of the writing.

"  . . .

"Under the Code the seller will be unable to escape performance of obligations which he has assumed by hiding behind the complete-in-itself characteristic which the courts have often attributed to written instruments. Since extrinsic evidence would always be admitted as an interpretative aid, and since, if the Comments are followed, evidence of non-integration would also be admitted, adoption of the Code will alter the usual practice of the courts. Courts which normally hear parol evidence will suffer only a slight change in practice, but courts which presently misapply the Rule will be directed to the proper path. Reliability of written instruments and fairness will both be fostered. The end product will be a replacement of legal verbalization with commercial reality."

Note, *Warranties, Disclaimers & The Parol Evidence Rule*, 53 Colum. L. Rev. 858, 865, 866 (1953).

tegration," *i.e.,* that the note was not a final agreement as to those terms contained therein. We held parol evidence was admissible on this question.

Unfortunately the majority opinion muddies the already unclear parol evidence rule by glossing over the language of *Federal Deposit* which allows parol evidence to determine whether the note—admittedly only part of the agreement—was assented to as a final, superceding document as to those matters contained in the note. If the writing is not a final document, parol evidence is admissible to show the terms of the final agreement, whether or not contradictory to the writing. The court's concluding lines in *Federal Deposit* summarize the decision:

"[P]arol evidence can be introduced as to whether the note was intended as a partial integration and as to what terms. If the parties did not intend the writing to be the final statement of their agreement in whole or in part then the parol evidence would be admitted to show the parties' true intent." 76 Wis.2d at 163, 164.

The *Federal Deposit Case* holding was not based upon the absence of two terms from the face of the note, but upon cases decided by this court and cited in *Federal Deposit* which clearly state that the first step in a case where the parol evidence rule is invoked is to determine whether the parties intended the document to be the final statement of the agreement.

While the parol evidence rule is a rule of substantive law, it is not statutory law but law fashioned by the courts, and the courts retain the authority to abolish or modify the rule. *Holytz v. Milwaukee,* 17 Wis.2d 26, 37, 115 N.W.2d 618 (1962). In the instant case, however, no abolition or modification of the parol evidence rule is necessary since the rule itself, as propounded in the *Federal Deposit Case* and prior cases, remains unchanged.

For the foregoing reasons, I would find that the trial court erred in failing to consider the parol evidence to determine whether the writing was assented to as the final and accurate, partial or complete, integration of the contract. I would reverse the judgment and remand the case; I therefore respectfully dissent.